[No. 12512.   Department One.— September 16, 1889.]

## FLORENCE N. FORNEY, Respondent, *v.* STEHMAN FORNEY, Appellant.

DIVORCE — HABITUAL INTEMPERANCE HOW PLEADED. — In pleading habitual intemperance as a ground for a divorce, it is not necessary that the complaint should allege the particular acts and conduct of the defendant, showing that he was intoxicated to the extent required by section 106 of the Civil Code. An allegation that the defendant had been habitually intemperate to such a degree as to reasonably inflict a course of great mental anguish upon the plaintiff is sufficient.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Charles J. Swift*, for Appellant.

*Burnett & Bartlett*, and *Lester G. Burnett*, for Respondent.

WORKS, J.— Action for divorce. Finding and judgment for plaintiff. The appeal is from the judgment, and the case comes to us on the judgment roll. The

grounds for divorce are stated in the complaint, as follows:—

"That for four years and eight months last past, said defendant has been and still is guilty of habitual intemperance, and is habitually intemperate from the use of intoxicating drinks to that degree that the intemperance of defendant reasonably inflicts a course of great mental anguish upon said plaintiff, and to that degree which did in fact during that whole time inflict, and still inflicts, a course of great mental anguish upon her, and that during all that time said plaintiff has been an innocent party with respect to said intemperance; that defendant was so intemperate from the use of intoxicating drinks, then and theretofore, and acted so cruelly and in such a threatening manner toward the plaintiff in consequence of such intemperance, that it became necessary for her to, and she thereafter did, on August 13, 1884, at Cayucas, San Luis Obispo County, California, leave the defendant, and has not returned to him; that the course and conduct of defendant aforesaid and his habits of intemperance have not changed for the better at any time since the plaintiff so left him."

The findings of the court are, in effect, the same as the allegations of the complaint.

The contention of the appellant is, that the complaint and findings are defective and insufficient, for the reason that they state conclusions of law, and not the facts; that it is not enough to allege habitual intemperance to a degree which caused great mental anguish, but the extent of such intoxication and the acts done by him while in that condition tending to cause such mental anguish, and reasonably sufficient to bring about such a result, must be specifically alleged and found. The code provides: "Habitual intemperance is that degree of intemperance from the use of intoxicating drinks which . . . . *would reasonably inflict a course of great mental anguish upon an innocent party.*" (Civ. Code, sec. 106.)

LXXX. CAL.—34

The complaint and findings are in the language of this provision of the code. The contention of counsel for the appellant, as we understand him, is, that this is not enough; that the acts and conduct of defendant, showing that he was intoxicated to the extent required by the statute, must be set forth. In other words, the complaint must allege just how often he was intoxicated, and to what extent on each occasion, and what he did and said when in that condition, tending to cause mental anguish. We are not inclined to this view. The allegations contained in the complaint were allegations of fact, not conclusions of law, and being charged in the language of the statute, and found in the same way, the complaint and findings were sufficient.

Judgment affirmed.

Fox, J., and PATERSON, J., concurred.