[No. 14761.   Department One. — August 22, 1892.]

MARY J. READING, RESPONDENT, *v.* O. B. READING, APPELLANT.

DIVORCE — PLEADING — SUFFICIENCY OF COUNTS. — In an action for a divorce, each count of the complaint setting forth a cause of action must be complete, though it is sufficient to adopt in one count the allegations made in another.

ID. — RESIDENCE OF PLAINTIFF — UNCERTAINTY OF PLEADING. — If there is any uncertainty in either count as to the residence of the plaintiff, or as to other allegations, the objection should be taken by demurrer, on the ground of uncertainty.

ID. — SUFFICIENCY OF COUNT FOR HABITUAL INTEMPERANCE — GENERAL AL-
LEGATION. — In an action for a divorce, a count of the complaint alleging
the residence of the plaintiff in the state and county for more than the
requisite period, and that "the defendant, for more than five years last
past, disregarding his duties as a husband toward the plaintiff, has been
guilty of habitual intemperance," is sufficient, in the absence of a de-
murrer, to support a judgment in favor of the plaintiff.

ID. — PARTICULAR ACTS OF INTEMPERANCE — DISQUALIFICATION FROM BUSI-
NESS — MENTAL ANGUISH. — In such case, it is not necessary to set out
the particular acts of intemperance; and the failure to allege that the
defendant was disqualified by the use of intoxicating drinks "from
properly attending to business," or that his conduct inflicted upon the
plaintiff " a course of great mental anguish," is not fatal.

ID. — AMENDMENT OF JUDGMENT AFTER ENTRY — RESIDENCE OF PLAINTIFF
— FINDINGS. — The fact that the court amended the judgment after it
was entered, by stating the fact that the plaintiff was a resident of the
county for more than five years prior to the commencement of the ac-
tion, is not material, in the absence of an answer by the defendant, no
findings being required in such case.

APPEAL from a judgment of the Superior Court of
Butte County.

The facts are stated in the opinion.

*W. J. Herrin*, for Appellant.

*P. O. Hundley*, for Respondent.

PATERSON, J. — This is an action for divorce, a divis-
ion of the community property, and for the custody of
the children. The grounds upon which plaintiff relies
are extreme cruelty and habitual intemperance. In the
first count it is alleged that plaintiff and defendant in-
termarried at Oroville, Butte County, January 8, 1873,
and that plaintiff has been a resident of the state of Cal-
ifornia for more than ten years prior to the commence-
ment of the action. The plaintiff then proceeds to allege
specific acts of cruelty by defendant, *at their residence in
Oroville*, extending from May 8, 1884, to December, 1890.
For a second cause of action, the plaintiff alleges mar-
riage as stated above, residence of plaintiff in the *county
of Butte*, state of California, for more than ten years im-
mediately prior to the commencement of the action, and
that " the defendant, for more than five years last past,

disregarding his duties as a husband toward the plaintiff, has been guilty of habitual intemperance." The summons was served upon the defendant personally, in the county of Butte, but he made no appearance. The court found that all the facts stated in the complaint were true, and a decree was entered in favor of the plaintiff. From this decree defendant has appealed, and the case is before us on the judgment roll alone.

Appellant contends that the judgment is not supported by the allegations of the complaint, for the following reasons: 1. In the first count it is not alleged that the plaintiff was "a resident of the county for three months next preceding the commencement of the action" (Code Civ. Proc., sec. 128), and as there is no reference to the allegations of the second count, no cause of action is stated in said first count; and 2. That the second count does not state *facts* showing that defendant has been guilty of habitual intemperance, the allegation in that .regard being a mere conclusion of law. .

It has been held here that each cause of action set up must be complete in its allegations (*Haskell* v. *Haskell*, 54 Cal. 262), but that it is sufficient merely to refer to and adopt in one count the allegations made in another count. (*Green* v. *Clifford*, 94 Cal. 49.) In this case no reference is made in either count to any allegation made in the other.

While the fact is not directly and positively alleged, it is a fair inference from the averments of the first count that plaintiff and defendant resided at Oroville, Butte County, for more than three months immediately prior to the commencement of the action, and the most that can be said against it is, that it is uncertain; but whether this be so or not, the allegations of the second count are sufficient to support the judgment. Residence in the state and county for more than the requisite period is averred, and the allegation as to habitual intemperance is good in the absence of demurrer. It is not necessary to set out the particular acts of intemperance (*Forney* v. *Forney*, 80 Cal. 528); and the failure to

allege that the defendant was disqualified, by the use of intoxicating drinks, a greater portion of the time "from properly attending to business," or that his conduct inflicted upon plaintiff "a course of great mental anguish" (Civ. Code, sec. 106), is not fatal. The objection now urged for the first time should have been taken by demurrer, on the ground of uncertainty.

The fact that the court amended the judgment after it was entered, by stating the *fact* that plaintiff was a resident of the county of Butte for more than five years prior to the commencement of the action, is not material. The court had already found that all allegations of the complaint were true; but even this was uunecessary, as findings were not required, there being no answer.

The judgment is affirmed.

GAROUTTE, J., and HARRISON, J., concurred.