[Nos. 15698, 15710.    Department Two.—March 22, 1895.]

EMILY B. HOPKINS, EXECUTRIX, ETC., ET AL., RE-SPONDENTS AND APPELLANTS, v. CONTRA COSTA COUNTY, APPELLANT AND RESPONDENT.

PLEADING—JOINDER OF CAUSES OF ACTION.—COMPLETENESS OF COUNTS.—Where the complaint sets up more than one cause of action, each count must be complete in itself, and must contain all of the facts necessary to constitute a cause of action, and its defects cannot be supplied from other statements, unless such statements are expressly referred to and adopted as a part of it.

ID.—ESTATES OF DECEASED PERSONS—ACTION BY EXECUTORS—DEFECTIVE REFERENCE TO PRELIMINARY FACTS.—In a complaint by executors to recover sums of money expended by the deceased in fencing a public road, where the preliminary facts set out as to the death of the dece-dent, and the making of the will, and the probate of the will are not stated or in any way referred to in either count of the complaint, each count thereof is fatally defective.

ID.—LAYING OUT OF ROAD—JURISDICTION OF SUPERVISORS—DEFECTIVE BOND.—The fact that the bond accompanying the petition for the open-ing of the road was defective, and that the signers did not justify as required by law, does not deprive the board of supervisors of jurisdiction to appoint viewers and to order the road laid out and opened.

ID.—ACTION FOR EXPENSE OF FENCING ROAD—LIABILITY OF COUNTY—CONDITION OF ROAD DISTRICT.—Where the order approving the report of the viewers and declaring the road a public highway provides that whenever, in the opinion of the board, the financial condition of the districts will warrant, the county will pay for fencing the road, and

such parties as may have fenced part of the road at their own expense may then be reimbursed therefor in accordance with the report of the viewers, those who have incurred the expense of fencing are entitled to maintain an action against the county for reimbursement of the same as soon as the financial condition of the district is such as to warrant it.

ID.—ASSIGNMENT OF CLAIM FOR COLLECTION.—An assignment of a claim may be made for the purpose of having it included in a suit for collection with a claim belonging to the plaintiff, and to avoid the expense and trouble of a second suit, and where the customary words of assignment are used, and a money consideration is expressed, the assignment is sufficient to pass the title to the transferee, which can be availed of by him, or by the representatives of his estate in enforcing payments.

ID.—ALLOWANCE OF INTEREST AGAINST COUNTY.—Section 3287 of the Civil Code which provides for the allowance of interest to every person who is entitled to recover damages certain, or capable of being made certain by calculation, does not apply to a claim for damages against the state or against the county, and interest cannot be allowed upon such a claim.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Theodore Wagner*, and *G. W. Bowie*, for Plaintiffs.

*C. Y. Brown*, and *J. O'B. Wyatt*, for Defendant.

THE COURT.—The plaintiffs, as executrix and executors of the will of Moses Hopkins, deceased, brought this action to recover sums of money expended in fencing a public road which was laid out and opened through lands in Contra Costa county.

The complaint commences with allegations that Moses Hopkins in his lifetime made and published his last will, whereby he appointed the plaintiffs executrix and executors thereof; that Hopkins died in February, 1892, and that, in March, 1892, his said will was proved and admitted to probate in the superior court in the county of San Mateo, in this state; that thereupon letters testamentary on the said will were issued to plaintiffs, and they duly qualified and entered upon the discharge of their duties as executrix and executors; and that the defendant is a municipal corporation created by the laws of this state.

It then proceeds as follows: "And for a first cause of action plaintiffs complain and allege: That the said Moses Hopkins in his lifetime was the owner of and in possession of certain lands through which a public road was duly laid out and opened by the proper authorities of said county of Contra Costa."

Then follow averments that the viewers, who were appointed to view and lay out the road, awarded to Hopkins the sum of thirteen hundred and eighty-four dollars and four cents damages for fencing the same through his lands, and that said fencing was rendered necessary by the establishing of the road; that the board of supervisors of the county approved the report of the viewers and granted the petition for opening the road, and declared the same to be a public highway by its order duly made and entered on June 6, 1887; that at that time there were no funds in the county treasury to the credit of the road districts within which the road was situated, from which the sum awarded Hopkins could be paid, and thereupon the board, by its said order, authorized the owners of the land through which the road was laid out and opened to maintain gates thereon, and further provided that, if the owners of said land should construct fences along said road at their own expense, the county would pay the sums awarded by the viewers whenever the financial condition of the road districts would warrant such expenditure; that from June 6, 1887, to November 1, 1889, there were no funds in the treasury to the credit of the road districts from which the awards could be paid; that after November 1, and on November 9, 1889, and ever since that time, the financial condition of the road districts was such as to permit the payment of said awards; that Hopkins, immediately after the said road was opened through his premises, proceeded to build, and did build, said fence along the road through his lands, and completed the same about the month of September, 1889; that on November 15, 1889, Hopkins filed his account for fencing, properly made out and itemized

and duly verified, against the county with the clerk of the board of supervisors, and that the same was presented to the board within a year after the last item of the account accrued; that the board postponed consideration of the said claim, and refused to take action thereon until October 8, 1891, when, by its order, it rejected the same and refused to allow any part thereof.

The complaint then further proceeds as follows: "And for a second cause of action plaintiffs complain and allege: That B. F. Brisac is the owner of, and in possession of, certain lands through which a public road was duly laid out and opened by the proper authorities of said county of Contra Costa."

Following this are averments substantially the same as those set out in the first count or cause of action, except that the damages awarded Brisac for fencing were seven hundred and thirteen dollars and ninety-two cents; and at the conclusion it is alleged that on January 4, 1892, Brisac assigned his said claim to Hopkins.

The prayer is that the plaintiffs have judgment against the defendant for the aggregate of the said sums, two thousand and ninety-four dollars and ninety-six cents, with legal interest upon said sums from the date the said claims were filed, and for costs of suit.

The defendant demurred to each count of the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was overruled. It then answered, denying generally and specifically each and every allegation contained in the complaint and in each cause of action set forth therein.

The case was tried without a jury, and the court found, among other things, that the allegations and averments of the complaint were true, and the denials and allegations of the answer were untrue.

Judgment was accordingly entered that the plaintiffs recover from the defendant "the sum of two thousand and ninety-four dollars and ninety-six cents, payable from the fund of road district No. 2 of supervisor dis-

trict No. 1, upon the filing and recording in the office of the recorder of Contra Costa county of a proper instrument in writing . . . . conveying to the county the right of way and incidents thereto of the road described in the complaint by particular description thereof, and for costs and disbursements incurred in this action."

The defendant appeals from the judgment and an order denying its motion for a new trial, and the plaintiffs appeal from the judgment.

The demurrer to the complaint should have been sustained. The rule is settled in this state that, where the complaint sets up more than one cause of action, each count must be complete in itself, and must contain all the facts necessary to constitute a cause of action; and its defects cannot be supplied from other statements, unless such statements are expressly referred to and adopted as a part of it. (*Haskell* v. *Haskell,* 54 Cal. 262; *Green* v. *Clifford,* 94 Cal. 49; *Reading* v. *Reading,* 96 Cal. 4.)

Here the preliminary facts set out as to the making of the will—the death of Hopkins, the probate of the will, etc.—were necessary to constitute any cause of action in favor of the plaintiffs; and yet they are not stated or in any way referred to in either count of the complaint. Under the rule above declared it would seem that each count of the complaint was fatally defective, and surely the last count must be held to be so.

Many other points for a reversal are made and elaborately argued by counsel for defendant, but most of them need not be considered.

It is urged that the board of supervisors never acquired jurisdiction to appoint viewers and to order the road laid out and opened, because the bond accompanying the petition was defective in certain respects, and the signers did not justify as required by law.

Similar points were made and held not tenable in *Humboldt County* v. *Dinsmore,* 75 Cal. 604, and in *Hill* v. *Board of Supervisors,* 95 Cal. 239. In the last-named case it is said: "As to the point that the bond was

approved, although the sureties had not justified as required by law, it is plainly an irregularity only, and one which did not affect the private rights of the appellant. The validity of the proceedings establishing public highways cannot be made to depend upon the correctness of the judgment of the board as to whether the justification of a surety was in accordance with the statute."

It is also urged that the fencing done by Hopkins and Brisac was at their own expense, and without any right to demand pay therefor, because the board of supervisors never provided for the fencing nor made any order for the payment therefor.

The order approving the report of the viewers and declaring the said road a public highway contained the following provision:

"It is further ordered that said road is granted without fencing until such time as the financial condition of the road districts in which it is situated will, in the opinion of this board, warrant the construction of fencing along said road, and that until such time the owners of the land through which said road passes may maintain gates upon said road, provided that said landowners may fence said road at their own expense at any time; and whenever in the opinion of this board the financial condition of the districts will warrant, and whenever this board shall provide for fencing said road, then such parties as may have fenced said road at their own expense shall be reimbursed therefor in accordance with the report of the viewers."

Section 2689 of the Political Code provides: "If the board approve the report, and there are no nonconsenting landowners, the road must, by order, be declared a public highway, and the same opened to the public." The section then goes on to say that the board, upon making such order, shall order the amount of damages as fixed to be set apart in the treasury out of the proper fund, etc.

Hopkins and Brisac both expressly agreed to grant the right of way, and to claim no damages on account

of the establishment of the road, except for the cost of fencing the same through their respective premises. And they may be said to have consented that the payment for the fencing might be postponed until the financial condition of the road district would warrant such payment. There is nothing, however, to indicate that they consented, or intended to consent, to wait for payment indefinitely, or until the board should choose to order the cost reimbursed to them; and that part of the order in effect so providing was unauthorized and void. They were certainly entitled to payment as soon as the financial condition of the district was such as to warrant it, and that time, as the court finds, had arrived when they presented their claims. The claims should, therefore, have been allowed, and the action was properly brought to recover the amounts due.

It is also urged that the claim of Brisac was never properly assigned to Hopkins, and that the plaintiffs had, therefore, no right to institute an action based upon it. It is true it appears that the claim was assigned for the purpose of having it included in the suit to be brought by Hopkins, and to avoid the expense and trouble of a separate suit. But the customary words of assignment were used, and a money consideration was expressed, and that was sufficient to pass a title to the transferee, which could be availed of by him or by the representatives of his estate in enforcing payments.

The principal point made by the plaintiffs in support of their appeal is that interest should have been allowed on the claims from the time of their presentation, and section 3287 of the Civil Code is cited. That section provides: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt."

It is objected for defendant that this section does not

apply to the state or to counties, and in support of the objection the case of *Sawyer* v. *Colgan*, 102 Cal. 283, is cited.   In that case it is said (p. 292): "It is contended by appellant that his bonds and coupons bear interest from the time of their maturity until payment; but section 1917 of the Civil Code, cited, does not apply to an indebtedness of the state, and the state is not liable to pay interest on its debts, unless its consent to do so has been manifested by an act of its legislature, or some lawful contract of its executive officers."

But in *Davis* v. *Yuba County*, 75 Cal. 452, it was decided that coupons on bonds issued by a county, after they become payable, bear interest from the time they are presented to the county treasurer for payment, thus apparently holding that section 1917 of the Civil Code does apply to counties.

Counties are political subdivisions of the state, organized for governmental purposes, and the rule as to liability to pay interest, applicable to the state, should be held applicable to them.   The Davis case, if it must be construed as holding to the contrary of the Sawyer case in regard to interest, must, therefore, be considered as in effect overruled by that case.   And section 3287 of the Civil Code must accordingly be held not to apply to a claim for damages against the state or against a county.   The court did not err, therefore, in not allowing interest on the claims here in suit.

It is not necessary to notice other points.   The judgment and order must be reversed, and the cause remanded for a new trial, with leave to the plaintiffs to amend their complaint, if so advised.

So ordered.