[Sac. No. 453.   Department One.—June 5, 1899.]

## MARY E. SMITH, Respondent, v. THOMAS R. SMITH, Appellant.

DIVORCE—EXTREME CRUELTY—PLEADING—ULTIMATE FACT.—Under section 94 of the Civil Code extreme cruelty may consist of the infliction of grievous bodily injury or grievous mental suffering, which is the ultimate fact, and must be alleged. A complaint which merely alleges that defendant has treated the plaintiff in a cruel and inhuman manner, that he has applied coarse epithets to her which are described, and has accused her of a want of chastity, without alleging either grievous bodily injury or grievous mental suffering as the result of the cruelty alleged, does not state a cause of action.

ID.— WILLFUL NEGLECT— DIVISION OF COMMUNITY PROPERTY— HOMESTEAD—DISCRETION.—Where a divorce is properly granted to a wife for willful neglect of the husband to provide the necessaries of life, the court has power to divide the community property upon which a homestead has been declared, and it has a wide discretion in making the division. The homestead need not be divided in severalty.

APPEAL from a judgment of the Superior Court of San Joaquin County. William O. Minor, Judge.

The facts are stated in the opinion of the court.

J. G. Swinnerton, and Budd & Thompson, for Appellant.

Elliott & Elliott, for Respondent.

GAROUTTE, J.—This is an action for divorce. Plaintiff having died pending the appeal, her heirs-at-law have been substituted as parties plaintiff and the litigation continued, certain property rights being involved. The complaint attempts to allege two grounds of divorce, namely, willful neglect and extreme cruelty. A general demurrer to both causes of action was overruled, and, upon issue made, judgment went for plaintiff, the court finding in her favor upon both counts. The prop-

erty involved consists of a homestead upon community, an undivided two-thirds of which was awarded to plaintiff, and the remaining third to defendant.

The complaint states no cause of action for extreme cruelty. The pleading in this regard alleges that "during the last two years defendant has treated plaintiff in a cruel and inhuman manner"; that defendant has applied the coarsest epithets to her (naming them), and has accused her of a want of chastity. By section 94 of the Civil Code extreme cruelty may consist either of the infliction of grievous bodily injury or grievous mental suffering upon the other party to the marriage. Here there is no allegation of either. Grievous bodily injury, or grievous mental suffering, is the ultimate fact, and should be alleged. There is no attempt whatever to allege bodily injury, and the probative facts alleged in no degree establish grievous mental suffering. The law is so recognized and declared in all the recent cases. (*Andrews v. Andrews,* 120 Cal. 187; *Fleming v. Fleming,* 95 Cal. 430; 29 Am. St. Rep. 124; *Barnes v. Barnes,* 95 Cal. 171. Calling a woman vile names and accusing her of unchastity may inflict upon her grievous mental suffering, and it may not. It depends entirely upon the particular woman. Such treatment of one woman would inflict upon her vital wounds, while the same treatment of another woman would not leave a mark. It is said in *Barnes v. Barnes, supra:* "Whether in any given case there has been inflicted this grievous mental suffering is a pure question of fact, to be deduced from all the circumstances of each particular case, keeping always in view the intelligence, apparent refinement, and delicacy of sentiment of the complaining party." Hence an allegation of these evidentiary facts falls far short of hitting the target, when the object aimed at is a good cause of action. We attach no importance whatever to the declaration that the defendant treated plaintiff in a cruel and inhuman manner. Indeed, the trial court closed its eyes to this allegation and made no finding upon it.

The cause of action for willful neglect is sufficiently stated, and the evidence in the record is sufficient to support the finding of fact in that behalf. Upon this cause of action, and upon the findings and judgment made and entered therein, the court

had the power to deal with the property as was done. The property here involved is a homestead created upon the community property. By virtue of section 146, subdivision 3, of the Civil Code, the trial court may divide the community homestead between the parties. Its discretion in such matter is of the widest, and there is no ground in this case upon which to disturb that discretion. We do not understand that the community homestead necessarily should be divided in severalty.

There are various technical objections made to the rulings of the court. Even conceding that they may be raised upon an appeal from a judgment decreeing a divorce, where the original plaintiff has died since the appeal was taken (see *Kirschner v. Dietrich*, 110 Cal. 502; *Downer v. Howard*, 44 Wis. 83), still these assignments of error do not contain sufficient merit to demand a reversal of the judgment.

For the foregoing reasons the judgment is affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.