## SIACA *v.* BRUNET.

### APPEAL from the District Court of Humacao.

No. 109.—Decided June 29, 1907.

EVIDENCE—REFUSAL THEREOF.—It is not error for a court to refuse to admit in evidence a document the authenticity of which is not duly shown and the probatory value of which, for the purposes of the case, proves insufficient on the ground that it throws no light on the matter in controversy.

ALLEGATIONS—UNITING DIFFERENT CAUSES OF ACTION.—Although a plaintiff may unite several causes of action in the same complaint when they arise out of the classes referred to in section 104 of the Code of Civil Procedure, all the causes of action so united must belong to one only of such classes, affect all the parties to the suit, not require that the trial thereof be held at different places, and that the defendants be separately tried.

ID.—It is a well-established principle that when a complaint states more than one cause of action, each cause must show facts necessary to complete the same, because although they all be alleged in the same complaint, nevertheless, for the purposes of the action, they are fully as separate and distinct as if stated in separate complaints, and each must contain independently all of the facts necessary to constitute a cause of action.

ID.—OMISSIONS IN ANY OF THE CAUSES OF ACTIONS JOINED.—Omissions in stating causes of actions that are united cannot be supplied by facts stated in other causes of action, unless special reference is made thereto and they are adopted as a part of the cause of action in which such omission occurs.

ID.—DIVORCE—ADULTERY—GRAVE INJURIES.—The seventh allegation of the complaint in this case reads: ''7. That the defendant continuing the conduct commenced has gone to the point of absolutely forgetting her marital duties and has ended by failing in conjugal fidelity, being at the present time an adultress, and gravely injuring her husband by sustaining amorous relations with another man.'' The appellant alleges that two causes of action are contained in his allegation, that of adultery and grave injury. *Held:* (*a*) That even supposing that two different causes of action had been alleged, as they are not separately stated, there has been a manifest infraction of section 104 of the Code of Civil Procedure. (*b*) That as that allegation of the complaint

is drawn it is impossible to deduce more than one cause of action therefrom— that is to say, adultery—because amorous relations being an essential element of adultery the allegation thereof tends to strengthen and support the facts, rather than to state a distinct fact, constituting the essential ground of the complaint, which is adultery.

The facts are stated in the opinion.

*Mr. López Landrón* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

Francisco Siaca Pacheco brought an action in the District Court of Humacao, for a divorce from his wife, Teresa Brunet Román, alleging as facts that they had contracted marriage in December, 1899, according to the Catholic rite, and that by said marriage they had a daughter named Cesaria María Teresa del Carmen Siaca; that during the last two years of their marriage the defendant has had quarrels and disagreements caused by her indifference to the plaintiff, and the indifference has increased recently to such an extent that the plaintiff has been obliged to remind the defendant of her duties and obligations as a wife; and that the defendant continuing the course of conduct begun, has gone to the extent of absolutely forgetting her matrimonial duties and has concluded by violating her marriage vows, being at the present time an adultress and gravely injuring him by maintaining amorous relations with another man; by reason of the facts alleged the plaintiff prayed the court to admit the complaint and summon the defendant to appear within the legal period, and in due time to render judgment decreeing the divorce between Francisco Siaca Pacheco and his wife, the defendant, Teresa Brunet Román, declaring the marriage ties to be severed directing a division of property between them and placing the legitimate child had of the marriage under the care and *patria potestas* of the plaintiff, her father, with the costs against the defendant. The latter answered the complaint admitting the allegations thereof as to the

character and marriage of the litigants and the birth of the daughter; but generally and specifically denying each and every one of the facts alleged in the complaint; in addition she filed a cross complaint alleging that the plaintiff, her husband had, wilfully and without justification, abandoned her absolutely, having put her out of the conjugal home seven months before, and had not provided for her needs throughout said period nor furnished her any means for her maintenance, the defendant having been obliged to live on the charity of her family; and that during the last two years and before the plaintiff had put her out of the conjugal home, he had on a number of occasions, in the presence of friends and even of strangers, gravely insulted her calling her "without shame" and "a bad woman," and falsely and maliciously charging her with having violated her conjugal vows, a charge which he renews in his complaint; by virtue of these facts the defendant prayed the court to dismiss the complaint and allow the cross complaint and render judgment in her favor decreeing the divorce and holding the marriage ties between the spouses to have been severed, with a division of property, directing that the child had by their marriage remain under the custody, care, and power of her mother, the defendant Teresa Brunet.

The case was called for trial on December 5, 1906, in the district court, both parties appeared and announced their readiness to proceed. Thereupon the complaint, the answer and the cross complaint were read, and the evidence of the plaintiff having been heard counsel for the defendant presented a written motion to the court that the action be dismissed and a judgment of nonsuit entered on the part of the plaintiff, basing the motion on the provisions of subdivision 5 of section 192 of the Code of Civil Proceedure which authorizes the court to dismiss the action or enter a judgment of nonsuit upon motion of the defendant, when the plaintiff fails to prove a sufficient case upon which to base a judgment, and

as in this case the plaintiff has presented adultery on the part of his wife as a material allegation of the complaint, and at the trial did not present any evidence showing that such adultery had been committed, that being the only material allegation of the complaint, and it not having been proved, a judgment cannot be based thereon. The District Court of Humacao, after having heard the motion and the arguments of counsel, sustained it, and consequently ordered the dismissal and filing of the action, with the costs against the plaintiff, who appealed from said decision to this Supreme Court.

A bill of exceptions and a statement of facts have been presented for the purpose of this appeal, summarizing the evidence heard at the trial. We have carefully examined each and every one of the exceptions taken by counsel for the plaintiff to the decisions of the court below as to the relevancy or irrelevancy of questions put by said counsel to the various witnesses who testified in the proceedings, and we have found the decisions of the trial court, with respect to each of the points which were the subject thereof, to conform perfectly to the law. We also find the ruling of said court denying the admission in evidence, of a letter presented by the plaintiff and inserted in the bill of exceptions, to conform to the law, because, apart from the fact that we do not consider that its authenticity has been sufficiently shown, its probatory value, for the purposes of this case, is absolutely of no value, because, as we will see later, the cause of action alleged is adultery, and this has not been proved in any manner whatsoever, nor does the letter in question throw any light on its having been committed, although said letter might have had some value as corroborative evidence, if the plaintiff had brought to the trial any other evidence tending to show the existence of the cause; for this reason we affirm the decision of district court in this particular.

But the most important question to be decided in this appeal consists in determining whether the complaint should be interpreted in the sense of establishing two distinct causes of action, or one only; the seventh statement of fact of the complaint, which is that which must be the subject of this interpretation in order to determine its real effects, reads as follows:

"7. That the defendant continuing the course of conduct begun has gone to the extent of absolutely forgetting her matrimonial duties and has concluded by violating her conjugal vows, being at the present time an adulteress, and gravely injuring him by maintaining amorous relations with another man."

The appellant—that is, the plaintiff in the lower court—maintains that two different causes of action are established in this statement of fact—adultery and grave injury—the latter caused by the amorous relations of the wife. The respondent contests this allegation and affirms that in the statement transcribed the only and exclusive cause of action alleged is adultery.

Section 104 of the Code of Civil Procedure prescribes that the plaintiff may unite several causes of action in the same complaint when they all arise out of one of the classes of action determined in said section, but subdivision 8 of said section provides that all the causes of action so united must belong to only one of these classes, must affect all the parties to the action, not require different places for trial, and must be separately stated. The last provision, which is also contained in section 427 of the Code of Civil Procedure of California, which is substantially similar to section 104 of our Code, and which has been affirmed constantly and uniformly by the Supreme Court of said State, according to which it is a well-established doctrine that, when more than one cause of action is alleged in the complaint, each cause must in itself set forth all the facts necessary to complete it, but even

though all of them be alleged in the same complaint, nevertheless, for the purposes of the action, they are as different as if they were alleged in 'separate complaints, and consequently each must contain independently all the facts necessary to constitute a cause of action, and the omission occurred in some cannot be supplied by the facts set forth in the other causes of action alleged, unless special reference shall have been made thereto and they shall have been adopted as part of the cause in which such facts are omitted.

This doctrine has been established in the following cases: *Hopkins* v. *Contra Costa County,* 106 Cal., 570; *Reading* v. *Reading,* 96 Cal., 4; *Green* v. *Clifford,* 94 Cal., 49; *Bidwell* v. *Babcock,* 87 Cal., 29; *Baldwin* v. *Ellis,* 68 Cal., 495; *Haskell* v. *Haskell,* 54 Cal., 262; *Barlow* v. *Burns,* 40 Cal., 351.

In the case at bar, upon a mere perusal of the complaint, it will be clearly observed that two causes of action have not been alleged separately; the plaintiff alleges, nevertheless, that in the seventh statement above transcribed two different causes of action have been alleged—that is to say, adultery and grave injury—but apart from the fact that this constitutes a manifest violation of the specific provisions of said section 104 of our Code of Civil Procedure, the doctrine established by the Supreme Court of California in the case of *Sharp* v. *Miller,* 54 Cal., 331, is perfectly applicable to the case, especially on account of the analogy it bears thereto. We take therefrom the following paragraphs:

"The court, in its instructions to the jury, stated: 'That there were two causes of action set forth in the complaint, one in the form of malicious prosecution of an attachment, and the other on an attachment bond.' . . . We are not, however, prepared to adopt the views of the court as to the number of causes of action united in the complaint. It is quite clear that two causes of action are not separately stated in it, and equally clear, we think, that if there are two contained in it, no court can determine where the statement of one ends or of the other begins. We are not called upon to affirm or deny that the complaint contains words which, if properly arranged, might

state two causes of action. But it does seem to us that as now arranged, they state, what they were intended to state, one cause of action, and that is not upon the undertaking.''

We must make precisely the same observation with respect to the case the subject of this appeal; we do not have to decide whether the complaint does or does not contain words which, if properly placed, would express two causes of action as alleged by the appellant; but we are of the opinion that from the form in which the seventh allegation of the complaint has been drawn, it is not possible to deduce therefrom more than a single cause of action, and that is adultery, especially when it is sought to base the other cause of action said to be alleged—that is to say, grave injury—on the amorous relations of the defendant with the person with whom it is alleged that she has committed adultery, when amorous relations constitute, as they do, an essential element of said allegation of adultery rather than a distinct act, and which allegation of adultery they were alleged to support and to make up the elements constituting the essential basis of the complaint, which is adultery.

For these reasons we do not hesitate in affirming that adultery is the only and exclusive cause of action of the complaint filed in this case, and under these circumstances is the decision of the District Court of Humacao dismissing the cause and ordering that it be filed upon written motion filed to that end by the defendant during the trial, and after the evidence of the plaintiff had been heard, a proper one? Undoubtedly so, inasmuch as the statement of facts which has been submitted to us in this case does not contain the slightest evidence tending to show the liability of the wife as such adulteress, and this being the case, it must be conceded that the provisions contained in subdivision 5 of section 192 of the Code of Civil Procedure, authorizing the court to dismiss the complaint, upon motion of the defendant, in cases in

which the plaintiff fails to prove a sufficient case upon which to base a judgment, is perfectly applicable to this case.

For all the reasons set forth we recommend that the judgment appealed from be affirmed in every respect, with the costs of the appeal against the appellant.

*Affirmed.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Justice Hernández did not take part in the decision of this case.