SIACA *v.* BRUNET.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 109.—Resuelto en junio 29, 1907.

PRUEBAS—DENEGACIÓN DE PRUEBAS.—No comete error alguno el tribunal que deniega la admisión de un documento, cuya legitimidad no esté debidamente justificada y cuyo valor probatorio, á los efectos del caso, resulte ineficaz, por no arrojar luz alguna sobre la cuestión en controversia.

ALEGACIONES—ACUMULACIÓN DE DISTINTAS CAUSAS DE ACCIÓN.—Aun cuando el demandante puede acumular varias causas de acción en la misma demanda, cuando se deriven de alguna de las clases á que se refiere el artículo 104 del Código de Enjuiciamiento Civil, todas las causas de acción que se acumulen deben pertenecer á una sola de dichas clases, afectar á todas las partes del pleito, no exigir distintos lugares para la celebración del juicio y ser *expuestas separadamente.*

ID.—Es doctrina bien establecida que cuando en la demanda se expresa más de una causa de acción, cada causa debe expresar por sí sola todos los hechos necesarios para completarla, pues aunque todas se alegan en una misma demanda, sin embargo, para los efectos de la acción, son tan distintas como si estuvieran expuestas en demandas separadas y cada una debe contener independientemente todos los hechos que sean necesarios para constituir una causa de acción.

ID.—OMISIONES COMETIDAS EN ALGUNA DE LAS CAUSAS ACUMULADAS.—Las omisiones en que se incurriere al exponer alguna de las causas de acción acumuladas, no pueden ser suplidas con hechos expresados en las otras causas de

acción alegadas, á no ser que se hubiere hecho expresa referencia á ellos y se hubieren adoptado como parte de la causa de acción en que tales hechos se omitieran.

ID.—DIVORCIO—ADULTERIO—INJURIAS GRAVES.—El hecho séptimo de la demanda en este caso, dice así: ''7. Que la demandada siguiendo su conducta comenzada ha llegado al extremo de olvidar en absoluto sus deberes matrimoniales y ha concluído por faltar á la fidelidad conyugal, *siendo en la actualidad adúltera, é injuriándole gravemente, sosteniendo amores con otro ''hombre.''* Alega el apelante que en este hecho hay acumuladas dos causas de acción: el adulterio y la injuria grave. *Se resolvió: (a)* Que en el supuesto de que se hubieran alegado dos causas distintas de acción, como no se han expuesto separadamente, ha habido una manifiesta infracción del artículo 104 del Código de Enjuiciamiento Civil; (*b*) que en la forma en que ha sido redactado ese hecho de la demanda, no es posible deducir del mismo más que una sola causa de acción, ó sea, el adulterio, pues siendo las relaciones amorosas un elemento esencial del adulterio, su alegación tiende, más bien que á formular un hecho distinto, á robustecer é integrar los constitutivos del fundamento esencial de la demanda, que es el adulterio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. López Landrón.*

Abogado del apelado: *Sr. Fiscal.*

EL JUEZ PRESIDENTE SR. QUIÑONES, emitió la opinión del tribunal.

Don Francisco Siaca Pacheco presentó ante la Corte de Distrito del Distrito Judicial de Humacao demanda de divorcio contra su esposa Doña Teresa Brunet Román, expresando como hechos que habían contraído matrimonio católico en el mes de diciembre del año 1899, y que en ese matrimonio procrearon una hija llamada Cesaria María Teresa del Carmen Siaca; que durante los dos últimos años de su matrimonio la demandada ha tenido disgustos y disidencias ocasionadas por su despego para con el demandante y la indiferencia con que atendía sus súplicas é indicaciones; que esa indiferencia ha aumentado últimamente hasta el extremo de que el demandante ha tenido que recordar á la demandada sus deberes y obligaciones como esposa; y que la demandada, siguiendo la conducta comenzada, ha llegado hasta el extremo de olvidar en absoluto sus deberes matrimoniales y concluído por faltar á la fidelidad conyugal, siendo en la actualidad adúltera, é injuriándole gravemente, sosteniendo amores con otro hom-

bre; por virtud de los hechos expresados suplicó el demandante al tribunal que teniendo por presentada la demanda se sirviera citar y emplazar á la demandada por el término legal, y en su oportunidad dictar sentencia decretando el divorcio entre Don Francisco Siaca Pacheco y su esposa la demandada Doña Teresa Brunet Román, declarando roto el vínculo matrimonial entre ambos cónyuges, la separación de bienes entre los mismos y que la hija legítima, procreada en su matrimonio, quedara al cuidado y bajo la patria potestad del demandante, su padre, con imposición de las costas á la parte demandada. Esta contestó la demanda aceptando las alegaciones de la misma referentes á personalidad y matrimonio de los litigantes y nacimiento de la hija, pero negando en general y específicamente todos y cada uno de los demás hechos expresados en la demanda; formuló, además, reconvención expresando que el demandante, su esposo, voluntaria é injustificadamente la tiene en absoluto abandono, habiéndola echado de la casa conyugal hace siete meses, no atendiendo durante todo ese tiempo á sus necesidades, ni facilitándole recursos de ninguna clase para su subsistencia, teniendo la demandada que vivir acogida á la caridad de su familia; y que en los dos últimos años y antes de que el demandante la expulsara de la casa conyugal en diversas ocasiones, y ante personas amigas y aún extrañas, la ha injuriado gravemente llamándola "sinvergüenza" y "mala mujer" y atribuyéndola, falsa y maliciosamente, el hecho de faltar á la fidelidad conyugal, imputación que reproduce en su demanda; por virtud de esos hechos, pidió la demandada al tribunal, que declarando sin lugar la demanda y con lugar la reconvención, dictara sentencia á su favor decretando el divorcio y declarando disuelto el vínculo matrimonial entre ambos cónyuges, con separación de bienes, disponiendo que la hija, procreada en su matrimonio quede bajo la guarda, potestad y cuidado de su madre, la demandada Doña Teresa Brunet.

El día 5 de diciembre de 1906, fué llamado el caso para vista ante la corte de distrito, habiendo comparecido ambas

partes, las que anunciaron estar listas para entrar en juicio, dándose lectura á los escritos de demanda, contestación á la demanda y reconvención, y practicada la prueba del deman· dante, la representación de la parte demandada presentó á la corte moción escrita para que se declarara desistida y abandonada la demanda por parte del demandante, fundando dicha moción en el No. 5 del artículo 192 del Código de Enjuiciamiento Civil que autoriza á la corte para declarar el desistimiento y abandono de la acción, á moción del demandado, cuando el demandante no presentare prueba suficiente para fundar sobre ella una sentencia, y como en el presente caso el demandante ha presentado como alegación esencial de la demanda el adulterio por parte de la esposa, y durante el juicio no ha presentado prueba alguna que demuestre que tal adulterio había existido, siendo esa la única alegación esencial del demandante, y no habiéndola probado, no puede fundarse una sentencia en el caso. La Corte de Distrito de Humacao, oída la moción é informes de los abogados, la declaró con lugar, y en su consecuencia, ordenó el sobreseimiento y archivo del caso con las costas al demandante, el que apeló de esa resolución para ante este tribunal.

A los efectos de esta apelación se ha presentado un pliego de excepciones y una relación de hechos, condensando la prueba practicada en el juicio; hemos examinado cuidadosamente todas y cada una de las excepciones tomadas por la representación de la parte demandante á las resoluciones de la corte inferior sobre pertinencia ó impertinencia de preguntas formuladas por dicha representación á los varios testigos que declararon en el juicio, y hemos encontrado perfectamente ajustadas á derecho las resoluciones de la corte inferior con respecto á cada uno de los puntos que fueron objeto de las mismas. Asimismo estimamos ajustada á derecho la resolución de dicha corte que negó la admisión como prueba, de una carta presentada por el demandante é inserta en el pliego de excepciones, pues aparte de que no conceptuamos que su legitimidad haya quedado suficientemente demostrada, su valor

probatorio, á los efectos de este caso, resulta completamente ineficaz, toda vez que, como veremos más adelante, la causa de acción alegada en la demanda es el adulterio, y éste no ha sido probado en modo alguno, ni sobre su existencia arroja luz alguna la carta en cuestión, aunque ésta hubiera podido tener algún valor como prueba corroborante. Si el demandante hubiera aportado al juicio alguna otra prueba tendente á demostrar la existencia de la causa de su acción; por esta razón confirmamos la resolución del juez de distrito sobre este particular.

Pero la cuestión más importante á resolver en la presente apelación consiste en determinar si la demanda debe interpretarse en el sentido de establecer·dos causas distintas de acción, ó una sola; el hecho séptimo de la demanda que es el que ha de ser objeto de esa interpretación, á fin de determinar sus verdaderos efectos, dice literalmente así:

"7. Que la demandada, siguiendo su conducta comenzada, ha llegado al extremo de olvidar en absoluto sus deberes matrimoniales y ha concluído por faltar á la fidelidad conyugal, siendo en la actualidad adúltera, é injuriándole gravemente, sosteniendo amores con otro hombre."

Sostiene el apelante, ó sea el demandante, ante la corte inferior, que en ese hecho se establecen dos causas distintas de acción; el adulterio y la injuria grave, causada, esta última, por las relaciones amorosas de la esposa; la parte apelada combate esa alegación y afirma que en el hecho transcrito se ha expuesto como única y exclusiva causa de acción la del adulterio.

El artículo 104 del Código de Enjuiciamiento Civil prescribe que el demandante puede acumular varias causas de acción en la misma demanda, cuando se deriven de alguna de las clases de acción que el mismo artículo determina, pero en el No. 8 de dicho artículo se establece que todas las causas de acción que se acumulen deben pertenecer á una sola de dichas clases, afectar á todas las partes del pleito, no exigir distintos

lugares para la celebración del juicio y *ser expuéstas separadamente;* precepto este último, contenido también en el artículo 427 del Código de Enjuiciamiento Civil de California, que substancialmente es igual al 104 del nuestro, y que ha confirmado la jurisprudencia constante y uniforme del Tribunal Supremo de dicho Estado, según la cual, es doctrina bien establecida que cuando en la demanda se expresa más de una causa de acción, cada causa debe expresar por sí sola todos los hechos necesarios para completarla, pues aún cuando todas se alegan en una misma demanda, sin embargo, para los efectos de la acción, son tan distintas como si estuvieran expuestas en demandas separadas, y por consiguiente, cada una debe contener independientemente todos los hechos que sean necesarios para constituir una causa de acción, y las omisiones en que en algunas se incurriere no pueden ser suplidas por los hechos que se expresan en las otras causas de acción alegadas, á no ser que se hubiere hecho expresa referencia á ellos y se hubieren adoptado como parte de la causa en que tales hechos se omitieran.

La anterior doctrina se encuentra establecida en los casos siguientes:

> *Hopkins* v. *Costa County,* 106 Cal., 570.
> *Reading* v. *Reading,* 96 Cal., 4.
> *Green* v. *Clifford,* 94 Cal., 49.
> *Bidwell* v. *Babcock,* 87 Cal., 29.
> *Baldwin* v. *Ellis,* 68 Cal., 495.
> *Haskell* v. *Haskell,* 54 Cal., 262.
> *Barlow* v. *Burns,* 40 Cal., 351.

En el caso de autos, y por una simple lectura de la demanda, se ve claramente que no se han alegado dos causas de acción separadamente; pretende, sin embargo, la parte demandante que en el hecho 7, que hemos transcrito, se han alegado dos causas distintas de acción, ó sea el adulterio y la injuria grave, pero aparte de que esto constituye una manifiesta infracción del precepto terminante del artículo 104 citado, de nuestro Código de Enjuiciamiento Civil, es de per-

fecta aplicación á este caso, especialmente por la analogía que
con él guarda, la doctrina sentada por el Tribunal Supremo
de California en el de *Sharp* v. *Miller,* 54 Cal., 331, del que
tomamos los párrafos siguientes:

"La corte en sus instrucciones al jurado dice: que en la demanda
se expresaron dos causas de acción, una por instituir maliciosamente
procedimientos de embargo, y la otra fundada en la fianza de embargo
\* \* \* no estamos dispuestos, sin embargo, para aceptar la opinión
de la corte con respecto al número de causas de acción acumuladas en
la demanda. Es completamente claro que en la demanda no se expre-
san dos causas de acción separadamente, é igualmente claro, según
nuestra opinión, que si en la misma se expresaran dos causas de acción,
ningún tribunal podría indicar dónde terminan los hechos de la una
ó dónde empiezan los de la otra. Nosotros no tenemos que afirmar ó
negar que la demanda contiene palabras que si se colocaran debida-
mente podrían expresar dos causas de acción. Pero nos parece que en
la forma en que ahora aparecen colocadas, expresan lo que se tuvo in-
tención que expresaran, ó sea, una causa de acción, y esa no es la que
hace referencia á la fianza."

La misma observación, precisamente, debemos hacer con
respecto al caso objeto de la presente apelación; nosotros no
tenemos que resolver si la demanda contiene palabras que,
debidamente colocadas, expresarían las dos causas de acción
que pretende el apelante; pero sí opinamos que en la forma
en que ha sido redactado el hecho 7 de la demanda, no es posi-
ble deducir del mismo más que una sola causa de acción, y esa
es la del adulterio, máxime cuando se pretende fundar la otra
causa de acción que se dice alegada, ó sea la injuria grave, en
las relaciones amorosas de la demandada con aquél con quien
se alegó que había cometido el adulterio, constituyendo, como
constituyen las relaciones amorosas un elemento esencial del
adulterio y pareciendo, por consiguiente, que la tendencia de
esa alegación era, más bien que formular un hecho distinto,
robustecer é integrar los constitutivos del fundamento esen-
cial de la demanda, que es el adulterio.

Por estas consideraciones no dudamos en afirmar que el
adulterio es la única y exclusiva causa de acción de la de-

manda presentada en este caso, y en esas condiciones ¿es procedente la resolución dictada por la Corte de Distrito de Humacao ordenando el sobreseimiento y archivo de este caso, á moción escrita, presentada á ese efecto por la parte demandada, durante la celebración del juicio y después de terminada la práctica ·de la prueba del demandante? Indudablemente que sí, toda vez que de la relación de hechos que á nuestra consideración se.ha sometido en el presente caso, no aparece la más ligera prueba tendente á mostrar la responsabilidad de la esposa como tal adúltera, y siendo esto así, hay que convenir en que es de perfecta aplicación al caso el precepto contenido en el No. 5 del artículo 192 del Código de Enjuiciamiento Civil, que autoriza al tribunal para desestimar la demanda, á moción del demandado, en los casos en que el demandante dejare de presentar prueba suficiente para fundar sobre ella una sentencia.

Por todas las consideraciones expuestas, proponemos la confirmación en todas sus partes de la resolución apelada con las costas del recurso á la parte apelante

*Confirmada.*

Jueces concurrentes: Sres. Figueras, MacLeary y Wolf.

El Juez Asociado Sr. Hernández, no intervino en la resolución de este caso.