[Civ. No. 402.  First Appellate District.—March 11, 1908.]

G. R. HUBBELL, Respondent, v. HARRIET H. HUBBELL, Appellant.

DIVORCE—EXTREME CRUELTY—GRIEVOUS MENTAL SUFFERING—SUFFI-CIENCY OF COMPLAINT.—A complaint charging the defendant with extreme cruelty and grievous mental suffering for five years before suit, in exercising and maintaining an unreasonable espionage over plaintiff and his affairs, and manifesting unreasonable, improper and unnecessary jealousy of plaintiff, and making false charges of infidelity, knowing them to be false, and spying upon him in an offensive manner, and prying into his personal affairs, as a physician, and seizing and keeping letters addressed to him by patients, and in instigating her son in law to make a violent personal assault upon plaintiff, sufficiently states a cause of action for a divorce on the ground of grievous mental suffering, as against a general demurrer.

ID.—SERIOUS PERSONAL INJURY AS RESULT OF ASSAULT—SPECIAL DE-MURRER—FACTOR IN MENTAL SUFFERING.—Where plaintiff alleged that defendant instigated her son in law at their residence to make a violent personal assault upon plaintiff, "as a result of which plaintiff sustained serious personal injury," upon a special demur-

rer for ambiguity, "that it does not appear therefrom how the plaintiff could have sustained serious personal injury from an assault," if the clause objected to be eliminated, and if the assault did not and could not have caused serious personal injury, it is sufficient that the assault could have been one of the factors in causing the plaintiff grievous mental suffering.

ID.—LETTERS TO PLAINTIFF FROM PATIENTS—PARTICULARS NOT REQUIRED.—The complaint need not state the date of the letters from patients kept by the defendant, nor by whom they were written, nor their contents.

ID.—RULES OF PLEADING—ULTIMATE FACTS—EVIDENCE—CONCLUSIONS. Ultimate facts constituting the cause of action need only be stated in a pleading. It is not required to set forth evidence nor conclusions of law.

ID.—QUESTIONS FOR TRIAL COURT.—The question as to whether or not the evidence was sufficient to prove the ultimate facts alleged, and the question as to whether or not the various acts and conduct of the defendant set forth in the complaint caused the plaintiff grievous mental suffering, were questions of fact for the trial court.

ID.—RULING UPON EVIDENCE NOT PREJUDICIAL.—The judgment will not be reversed for rulings upon evidence which could not be prejudicial to the appellant.

ID.—SUPPORT OF FINDINGS AND JUDGMENT.—Where the evidence, though conflicting, is sufficient to support the findings for the plaintiff, and to justify the trial court in adjudging that the plaintiff was entitled to a divorce, and that the defendant was at fault, and that the parties could not safely live together, its conclusions will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Frank McGowan, for Appellant.

Martin Stevens, for Respondent.

COOPER, P. J.—This action was brought to procure a divorce on the ground of extreme cruelty. After a trial lasting three days, the court filed its findings and conclusions of law, upon which judgment was entered for plaintiff as

prayed. This appeal is from the judgment and the order denying defendant's motion for a new trial. No question is raised as to the sufficiency of the evidence to justify the findings, nor is there any question to the property rights or the custody of children.

The principal point relied upon by appellant is the contention that the complaint does not state facts sufficient to constitute a cause of action. It is claimed that the complaint does not state with sufficient particularity and certainty the facts relied upon as constituting extreme cruelty. The complaint alleges as follows:

"That since their intermarriage, defendant has inflicted upon plaintiff grievous bodily injury and grievous mental suffering, and more particularly as follows:

"That continuously during the five years last past and immediately next preceding the commencement of this action defendant has exercised and maintained over plaintiff and his affairs an unreasonable espionage, and has manifested an improper, unreasonable and unnecessary jealousy of and concerning plaintiff, and has repeatedly made to plaintiff false accusations of infidelity, well knowing her charges to be false, and has spied upon him in an offensive manner, and pried into his private affairs, and has taken possession of letters addressed to him by patients, opened the same, read them and refused to surrender them to plaintiff, who was during all of said times and now is a physician and surgeon engaged in the practice of his profession in the city and county of San Francisco.

"That on the 14th day of July, 1904, at the residence of plaintiff and defendant in the City and County of San Francisco, defendant instigated one Hinckley, her son in law, to make a violent personal assault upon plaintiff, as a result of which plaintiff sustained serious personal injury."

The defendant demurred to the complaint upon the general ground that it does not state facts sufficient to constitute a cause of action, and upon the special ground that it is uncertain in this, "that it does not appear therefrom how the plaintiff sustained any serious personal injury from an assault." The demurrer also alleged that the complaint is ambiguous for the reason last stated, and further that it is unintelligible for the same reason.

It will thus be seen that the demurrer is general except as to that part of the complaint relating to the assault. As to such part the objection is that it is not made clear how the plaintiff could have sustained "serious personal injury from an assault." It may be admitted that the complaint does not show how the violent assault could have resulted in serious personal injury, but if the personal injury portion be eliminated, we still have the clear statement that at the time and place named the defendant instigated Hinckley to make a violent personal assault upon the plaintiff. If such an assault did not or could not have caused serious personal injury, still it could have been one of the factors in causing the plaintiff grievous mental suffering, and the complaint states that the defendant has inflicted upon plaintiff grievous mental suffering by all the means stated in the complaint. As to the portion of the complaint to which the general demurrer was pointed, while it is not a model of pleading, we conclude that it is sufficient, at least when tested by general demurrer. It is alleged that defendant has for the five years last past exercised over plaintiff and his affairs an unreasonable espionage. Espionage is defined as "the practice of spying or secretly watching for the purpose of detecting wrongdoing; excessive or offensive surveillance." (Standard Dictionary.) It may be reasonably inferred that if a wife has continuously and unreasonably for five years spied upon and secretly watched her husband it would probably cause him grievous mental suffering, and it is alleged in the complaint that it did cause him such mental suffering. It is further alleged that during all such times defendant has manifested an improper, unnecessary and unreasonable jealousy of and concerning plaintiff. This language is such that a person of ordinary understanding would know what is intended, and the same may be said as to the "false accusations of infidelity." These accusations are alleged to have been made to plaintiff, and we will not presume that for a wife to falsely accuse her husband of infidelity, and this repeatedly and without cause, would not cause him grievous mental suffering. It is further alleged "that defendant has taken possession of letters addressed to him by patients, opened the same, and refused to surrender them to plaintiff." We do not think it was necessary to state the date of the letters, whom they were writ-

ten by, or their contents; and while a pleading should state facts it is not required that it should state evidence. The ultimate facts must be stated in such manner as to apprise the opposite party of what is relied upon. As to whether the evidence was sufficient to prove the ultimate facts, and as to whether or not the various acts and conduct of defendant caused plaintiff grievous mental suffering, were matters for the trial court. Under our system the complaint is only required to state the facts constituting the cause of action in ordinary and concise language. (Code Civ. Proc., sec. 426.) In *Smith* v. *Smith,* 124 Cal. 651, [57 Pac. 573],. it is said: "Grievous bodily injury, or grievous mental suffering, is the ultimate fact, and should be alleged. There is no attempt whatever to allege bodily injury, and the probative facts alleged in no degree establish grievous mental suffering."

In *Forney* v. *Forney,* 80 Cal. 528, [22 Pac. 294], the action was brought on the ground of habitual intemperance. The complaint alleged "that for four years and eight months last past, said defendant has been and still is guilty of habitual intemperance from the use of intoxicating drinks, to that degree that the intemperance of defendant reasonably inflicts a course of great mental anguish upon said plaintiff." It was claimed that the complaint was insufficient in that it did not state facts but conclusions of law. The court, however, held the complaint sufficient, and that it was not necessary to state how often the defendant was intoxicated, to what extent, and upon what occasions, or what he said or did when so intoxicated to cause mental anguish.

In *Reading* v. *Reading,* 96 Cal. 4, [30 Pac. 803], it was held that it was not necessary to set out the particular acts of intemperance in an action for divorce upon such ground.

As the code makes habitual intemperance a ground for divorce, so it makes "extreme cruelty." It defines habitual intemperance, and so it defines extreme cruelty. In neither case is it necessary to set forth all the evidence, but the ultimate facts must be alleged. Of course, in an action for divorce on the ground of extreme cruelty, the acts or conduct relied upon must be stated, and not conclusions of law.

Appellant calls our attention to *Franklin* v. *Franklin,* 140 Cal. 607, [74 Pac. 155]. That case was reversed on account of the insufficiency of the findings. The allegations of

cruelty were "that shortly after their marriage, and for a period of nearly ten years, defendant was abusive to plaintiff, neglected her, failed to provide for her, and compelled her to perform hard and unaccustomed labor to support herself and her minor children, while he spent his time in idleness and dissipation." The question as to the sufficiency of the facts stated in the pleading was not discussed.

It is claimed that it was error to allow the witness Dr. Hirschfelder to testify as to a statement made to him by plaintiff, to the effect that he had been attacked by Hinckley, the son in law of defendant, and in a personal encounter with said Hinckley that he had received an injury upon his knee. The statement made by plaintiff was purely hearsay, and should not have been admitted, but we do not think the ruling of sufficient importance to justify a reversal of the case. The fight with Hinckley was given in detail by the plaintiff as a witness in his own behalf, and by Hinckley, a witness for defendant, and also by defendant as a witness in her own behalf. There was no conflict as to the fact that an encounter of a violent nature had occurred between plaintiff and Hinckley, and that plaintiff was injured in the fight. The case was tried before the court, and we are of the opinion that the ruling did not injure the defendant.

The same may be said as to the refusal of the court to strike out the statement of the plaintiff, as a witness in his own behalf, as to Mrs. Baum denying to him that she had made a remark that defendant had told plaintiff had been made. Whether or not Mrs. Baum made the remark was immaterial.

We have examined the many exceptions to rulings on the admission of evidence grouped under one heading in appellant's brief, but find nothing that would in our opinion justify a reversal of the case. The evidence admitted related to some transactions not set forth in the complaint; but as we have before stated, the plaintiff was not required to plead minutely each and every detail of the evidence. The evidence was conflicting, but in our opinion amply sufficient to sustain the findings of the court. In fact, the defendant, by her own testimony, shows many little acts tending to establish jealousy on her part, and other acts of improper interference with the plaintiff and his business. She

admitted that she opened plaintiff's letters, and she exhibited some of them in evidence. She admits that she upbraided plaintiff at times, and that at least upon one occasion she called him a coward, and that upon another occasion she threw down and broke a stein that belonged to plaintiff and had been painted for him by some one, but that he did not tell her who had given it to him. It is evident that the trial court, after hearing the evidence, and seeing the witnesses, concluded that defendant was at fault, and that the parties could not longer safely live together as husband and wife.

The judgment and order are affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 10, 1908.