RYAN, RESPONDENT, *v.* RYAN, APPELLANT.

(No. 2,199.)

(Submitted January 4, 1906. Decided January 29, 1906.)

*Divorce—Extreme Cruelty —Pleadings— Complaint—Alimony.*

Divorce—Extreme Cruelty—Complaint—Proof.
   1.   Under Civil Code, section 134, grievous bodily injury or bodily injury dangerous to life are ultimate facts which must be pleaded and proved in order to entitle plaintiff to a divorce on the ground of extreme cruelty.

Divorce—Extreme Cruelty—Complaint.
   2.   A complaint in an action for divorce upon the ground of extreme cruelty, in that defendant struck, beat and choked plaintiff and otherwise brutally treated her, but which omitted to allege that the acts of defendant produced grievous bodily injury or bodily injury dangerous to life (Civil Code, section 134), failed to state a cause of action. [Mr. JUSTICE MILBURN dissenting.]

Divorce—Alimony—Complaint.
   3.   In order to entitle plaintiff, in an action for divorce, to alimony, the complaint should set forth her necessity therefor and defendant's ability to pay it.

*Appeal from District Court, Jefferson County; M. H. Parker, Judge.*

ACTION by Florence E. Ryan against James Ryan. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*Mr. C. R. Stranahan,* for Respondent.

While it is true that it is a principle of law that the state has an interest in divorce suits, which we see exemplified in the rule that judgment for divorce cannot be taken upon default without the evidence, yet in matters of pleading the same rule applies as in pleading other facts, and even if the facts are not specifically alleged, which we do not admit in this case, the defendant waived any such defect by his failure to demur. (*Conant* v. *Conant,* 10 Cal. 249, 70 Am. Dec. 717.) If the charges of cruelty are vague and indefinite, the defendant must move to have the complaint made more definite and certain, for the complaint unless wholly defective, will otherwise be con-

sidered as alleging facts sufficient to constitute a cause of action. (7 Ency. of Pl. & Pr. 77, 78; 2 Estee's Pleadings, p. 294, sec. 2992.)

The complaint alleges facts from which the jury found, and were justified from the allegations of the complaint in finding, both inflictions of bodily injury dangerous to life and also repeated infliction of grievous bodily injury; and it was for the jury to find from acts set out in the complaint, which we must presume for the purpose of this appeal were substantiated by the proof, that the defendant was guilty of at least one or both forms of extreme cruelty toward the plaintiff. (*Reading* v. *Reading*, 96 Cal. 4, 30 Pac. 803; *Lount* v. *Lount*, 1 Ariz. 422, 25 Pac. 798; *Johnson* v. *Johnson* (Cal.), 35 Pac. 637; *Irwin* v. *Irwin*, 2 Okla. 180, 37 Pac. 548; 17 American Digest, Century ed., sec. 300.)

*Messrs. Cowan & Cowan,* and *Mr. T. J. Walsh,* for Appellant.

A pleading where a severance of so sacred a tie is prayed for, must clearly conform to all statutory regulations, and must contain positive allegations of fact necessary or essential to constitute the particular ground relied upon for relief. (2 Boone's Code Pleading, p. 136 (Pony Series); *Bennett* v. *Bennett,* 28 Cal. 600; *Green* v. *Palmer,* 15 Cal. 415, 76 Am. Dec. 492.) In the complaint in this case a declaration to the effect that any of the acts of defendant, specified by her, were *dangerous to life,* or created *grievous bodily injury* is lacking, and without such allegation, the complaint is insufficient to sustain the action or uphold a judgment for divorce rendered thereon.

That part of the judgment rendered in this cause, adjudging the defendant to pay permanent alimony, is not sustained by any allegation or proof in the case. A judgment for permanent alimony must be based on the proper allegation, and proof thereunder, of a *present ability to pay.* (*Washburn* v. *Washburn,* 9 Cal. 475; *Feigley* v. *Feigley,* 7 Md. 437, 61 Am.

Dec. 375; *Sheafe* v. *Sheafe*, 36 N. H. 155; *Eidenmuller* v. *Eidenmuller*, 37 Cal. 364.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to secure a divorce upon the ground of extreme cruelty. The plaintiff prevailed in the district court and the defendant appeals from the judgment.

The only question presented is: Does the complaint state a cause of action? In paragraphs 6, 7 and 8 an attempt is made to charge the defendant with extreme cruelty as defined in our Civil Code, section 134, which reads as follows: "Sec. 134. Extreme cruelty is the infliction or threat of bodily injury dangerous to life, or the repeated infliction or threat of grievous bodily injury, upon the other party, by one party to the marriage, or the repeated publication of false charges against the chastity of the wife by the husband."

The complaint does not attempt to charge the defendant with making threats of inflicting bodily injury, or of publishing false charges against the chastity of plaintiff; so that it must be tested by one of the other definitions given in that section, namely, the infliction of bodily injury dangerous to life, or the repeated infliction of grievous bodily injury. The particular acts of cruelty of which complaint is made consist of defendant's striking, beating and choking the plaintiff, throwing her violently against the side of a barn, throwing her down two steps out of their house and other like brutal acts. It is repeatedly said that these acts caused plaintiff great bodily and mental pain and suffering; but the complaint does not anywhere allege that they produced grievous bodily injury or bodily injury dangerous to plaintiff's life, and for this reason appellant contends that the complaint does not state a cause of action.

Prior to 1895 extreme cruelty was a ground for divorce, but was not defined by statute. The courts were left to frame such definitions as general usage might warrant. In 1885 this court, in *Albert* v. *Albert*, 5 Mont. 577, 51 Am. Rep. 86, 6 Pac. 23,

in considering an action for divorce on the ground of extreme cruelty, said: "A husband may not raise his hand against his wife, except in absolute defense of his life, or to prevent his receiving great bodily harm; and then he can only use force sufficient to protect himself from the danger." For ten years that doctrine was apparently accepted as reflecting the opinions of courts; but in 1895, in adopting section 134 of our Civil Code, the legislature, presumably with full knowledge of the rule announced in the *Albert Case*, saw fit to change entirely the policy of the law. Extreme cruelty no longer was made to represent the mere indignity suffered by the wife consequent upon her receiving from the husband a blow delivered in anger, but it became from thenceforth such measure of actual physical injury, inflicted by one party to the marriage upon the other, that thereafter it was deemed unsafe for the parties longer to live together, and therefore sufficient, in the estimation of the legislature, to warrant a divorce. While under the doctrine announced in the *Albert Case,* a single blow by the husband delivered in anger against the wife, would doubtless have been held by the courts sufficient provocation for a divorce, the legislature, being clothed with full power to say upon what terms divorces might be had, took away from the courts the authority, theretofore exercised, to define extreme cruelty, and, while leaving it in the law as a ground for the annulment of marriage, gave to it a definition which completely changed the theory which the courts had adopted. In the view of the legislature, a husband may beat or otherwise maltreat his wife, and even do so in a brutal manner, without giving rise to an action for divorce, provided only that his mistreatment does not produce grievous bodily injury and be repeated, or if it occurs but once, that it does not produce bodily injury dangerous to life.

Under the changed rule as adopted by the legislature, grievous bodily injury and bodily injury dangerous to life are made ultimate facts which must be proved, and, in order to be proved, must be pleaded. (*Smith* v. *Smith,* 124 Cal. 651,

57 Pac. 573.) While a violent blow might produce bodily injury, the question whether it will produce the grievous bodily injury of the statute, or bodily injury dangerous to life, is one of fact for the trial court or jury to determine from all the evidence in the case, where the question is properly presented by the pleadings.

To ask this court now to determine as a question of law that the acts complained of in this instance caused the plaintiff grievous bodily injury or bodily injury dangerous to her life, or, in other words, constitute extreme cruelty, is in effect to ask this court to repeal section 134 of the Civil Code and restore the rule of the *Albert Case*—to set aside the definition of extreme cruelty as given by the statute and substitute therefor one of the court's own. This the court cannot do. The definitions given by the statute are exclusive and binding upon the courts and litigants alike. No matter how censurable the defendant's conduct may have been in this instance, if the injuries inflicted were not grievous bodily injuries, or bodily injuries dangerous to life, they did not constitute extreme cruelty as defined by the statute; and, as the complaint does not allege that they were injuries of the character mentioned, this court cannot assume that they were.

Under either of the definitions given in section 134 above and here considered, a complaint for divorce must set forth the particular facts relied upon, and must allege that the acts enumerated produced grievous bodily injury, which was repeated in the one instance, or that they produced bodily injury dangerous to life, in the other; and failing to do either, this complaint does not state a cause of action. (12 Cyc. 668, and cases cited: 1 Nelson on Divorce and Separation, 334; 2 Bishop on Divorce, 1433; *Horne* v. *Horne,* 1 Tenn. Ch. 259; *Wagner* v. *Wagner,* 3 Penne. (Del.) 303, 51 Atl. 603.) Under our view, it is immaterial that this complaint would have been held sufficient prior to the adoption of the Codes.

The court allowed the plaintiff permanent alimony to the extent of $50 per month until the further order of the court.

The complaint does not contain any allegations of plaintiff's necessity for alimony or of defendant's ability to pay it; and, while we are not prepared to say that alimony may not be allowed as strictly ancillary to a proceeding for divorce, we think the better practice is for the complaint to set forth the necessary facts upon which alimony may be allowed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE MILBURN: I dissent. I do not think that it is necessary to use the exact language of the statute in order to state in the pleading the ultimate fact to be proven. If the words used in the complaint imply and express the meaning embraced within the definition of the statute, this ought to be sufficient, in my opinion. I think that the complaint alleges that the defendant was guilty of the "repeated infliction of grievous bodily injury," although the exact words of this phrase are not employed in the pleading.

The complaint alleges, among other things, that the plaintiff "frequently abused and maltreated her, causing her great mental and bodily pain, suffering and anguish"; "frequently, while plaintiff was sick and under the doctor's care, the defendant treated and used plaintiff in a cruel and inhuman manner, the particulars of which are too indecent to be here repeated in detail"; "the defendant struck plaintiff a violent blow, and drove her with great force against the barn, * * * causing plaintiff great bodily suffering; * * * the defendant beat, bruised and choked plaintiff; * * * the defendant shoved plaintiff violently upon the floor and held her down in such position and then dragged her into another and adjoining room, where he released plaintiff; * * * and then grabbed plaintiff by the arms with such great force and violence as to cause her great bodily pain and suffering; that she screamed in agony, and that thereupon defendant, to stop her said screaming, choked her, and again threw her upon the floor, and while she was

there, held her by the neck and shoulders, dragging her with great force and violence across the room and threw her out of the house down two steps, and upon the ground with such force and violence as to bruise and wound her seriously, causing her further pain and suffering, and rendering her unable to attend to her household duties for about a week thereafter; * * * that all of the foregoing treatment of plaintiff by defendant has greatly broken her health and caused her great bodily and mental pain and suffering.''

There was not any demurrer to this complaint on the ground of any ambiguity or uncertainty. The statute does not require that the injuries inflicted should be permanent; nor does it say how often the grievous bodily injuries have to be repeated. Inflicting one grievous bodily injury to-day and inflicting one to-morrow, in my opinion would constitute the repeated infliction of grievous bodily injury. ''Grievous,'' among other things, means ''painful.'' ''Injury'' also includes in its meaning a ''hurt.''

I am of the opinion that the above statement of facts, if proven, would, under the definition of ''extreme cruelty'' given in the statute and quoted in the opinion, warrant a finding that the defendant had been guilty of extreme cruelty. If a complaint in a divorce case should allege that the husband on one day had chopped off the right foot of the wife maliciously, and two days afterward had chopped off the other foot maliciously, it does not appear to me that it would be necessary for the complaint to go further and, in the exact language of the statute, charge that the defendant had inflicted bodily injury dangerous to life upon his wife. I think it would be also a sufficient allegation of infliction of ''repeated grievous bodily injury.'' I think the complaint is sufficient.

I agree, however, with what is said in the opinion as to the matter of alimony.

Rehearing denied March 19, 1906.