## Mary E. Miller, Defendant in Error, v. Edward S. Miller, Plaintiff in Error.

### Gen. No. 23,450.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1918. Affirmed. Opinion filed March 13, 1918. Rehearing denied March 25, 1918.

## Statement of the Case.

Bill by Mary E. Miller, complainant, against Edward S. Miller, defendant, for divorce, charging extreme and repeated cruelty. From a decree granting complainant a divorce and finding that there was due and unpaid $780.65 on account of a settlement between the parties, which defendant was required by the decree to pay within 20 days and to release his interest in an insurance policy on complainant's life, and, on his default in so releasing, that a master in chancery should execute such release, and that all such should be in lieu of all alimony and a settlement of all property rights between the parties, defendant brings error. See also, *Miller v. Miller*, Gen. No. 23,782, *post*, p. 76, relating to contempt proceedings upon failure to pay alimony.

ROBERT A. J. SHAW and JAMES G. COTTER, for plaintiff in error.

ALBERT B. GEORGE, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 106*—*when decree awarding alimony proper under bill.* Evidence as to a settlement of the property rights of the parties to a divorce suit was properly admitted and a decree awarding alimony properly entered, notwithstanding no such relief was sought by the bill, under section 18, ch. 40, Rev. St. (J. & A. ¶ 4233), providing that when a divorce is decreed the court may make such order touching the alimony and maintenance of the wife as may be fit, reasonable and just.

2.. EQUITY, § 489*—*what relief granted under prayer for special and general relief.* Where there is a prayer in a bill for special and general relief, the court may grant such relief under the general prayer as the allegations and proof permit, though the specific relief is denied.

3. DIVORCE, § 106*—*right of court under chancery powers to award amount of settlement and interest in insurance policy.* Where the parties to a suit for divorce enter into an agreement for settlement of their property rights, the court in decreeing a divorce may award the amount of the settlement entered into by them and defendant's interest in an insurance policy, notwithstanding there may be an adequate remedy at law, under its general chancery powers, as well as under section 17, ch. 40, Rev. St. (J. & A. ¶ 4232).

4. EQUITY, § 295*—*when replication deemed waived.* Where an equity case is heard upon the pleadings and evidence without a replication having been filed, a replication must be deemed to have been waived.

5. EQUITY, § 550*—*when assumed that replication was filed.* Where a *præcipe* in a record in an equity case called for certain pleadings and other matters, only, and not for all of the pleadings and matters, and the clerk's certificate attached to the record stated it was a correct transcript of the record "as per *præcipe*," *held* that a replication would be assumed to have been filed.