MATHILDA LEHMANN, Plaintiff, *v.* WILLIAM LEHMANN, Defendant.

Supreme Court, Bronx County, May 7, 1930.

*Thomas Cullen,* for the plaintiff.

Defendant in person.

HAMMER, J. This is a motion to confirm the referee's report in an undefended action for divorce. The defendant, who is not an attorney, appeared personally at the hearing before the referee " solely to object to the amount of alimony demanded by the plaintiff." He was allowed to cross-examine the plaintiff on this issue. It appears that this action was started by the service of a summons only on December 8, 1928. On December 10, 1928, and prior to the service of the complaint, a " separation agreement " was entered into between the parties who were then and for some time prior thereto and prior to the times of the commission of the alleged acts of adultery upon which this action is based, living separate and apart. The said agreement appears to have been entered into in contemplation of the pending action and for the purpose of disposing of " all questions of alimony, alimony *pendente lite,* maintenance and support, * * * and all rights of every kind and character which have accrued or may accrue to the second party by reason of the marital relations." It further appears that the defendant agreed to pay to the plaintiff certain sums as provided in paragraph 4 of said agreement:

" *Fourth.* That the first party shall pay to the second party the sum of One thousand ($1,000.) Dollars at the time of the signing and sealing of these presents, as alimony due and to become due, and a further sum of One thousand ($1,000.) Dollars at the time of the signing and entry of a final decree of divorce by a Justice of the Supreme Court of the State of New York during the year 1929,

and should no such final decree be signed and entered during the year 1929, then the said payment of One thousand ($1,000.) Dollars shall be made on the 31st day of December, 1929; also the sum of Fifteen ($15.) Dollars a week commencing from the date of the signing of these presents and continuing only until the signing and entry of a final decree of divorce, but in no event to continue beyond July 1st, 1929; also the first party conveys to the second party all his right, title and interest in and to the furniture and personal property owned by him and now in his apartment at No. 2850 Creston Avenue, Borough of Bronx, City of New York."

In the testimony taken before the referee, as well as in the defendant's memorandum submitted in opposition to this motion, it appears that the defendant has not made the installment payments nor paid the further sum of $1,000 as provided in the agreement. He excuses this by claiming a reduced financial condition which makes it impossible for him to make the required payments. It is impossible to see how a change in the financial condition of the defendant would operate to relieve him from his obligation under the agreement. (*Chamberlain* v. *Cuming*, 99 App. Div. 561, 563; affd., 184 N. Y. 526.) Of course, the contract did not have the effect of depriving the court of jurisdiction. (*Levy* v. *Levy*, 149 App. Div. 561, 563.) While the court in the exercise of its jurisdiction might leave the parties to the enforcement of their contract rights by action, the evidence in this case is not sufficient to justify such action. The defendant concedes he is unable to pay the sums agreed upon and seeks to avoid the payment of the second $1,000 and to reduce the weekly payments to seven dollars. The defendant here, unlike the defendant in the case of *Galusha* v. *Galusha* (116 N. Y. 635, at p. 642), has not fully performed on his part and it would seem is not entitled to the protection which it was stipulated full performance of the agreement should give to him. It is well settled that the court has power and should exercise it to grant an additional allowance, and there are a number of cases where, notwithstanding a voluntary settlement by a husband upon his wife, the court has so acted, upon the ground that the settlement was inadequate for her support. (*Galusha* v. *Galusha*, *supra*.) While the provision made in the agreement herein might be adequate if the defendant had performed the same I find that the circumstances of the plaintiff are such as to entitle her to an award of alimony for her support and maintenance. It is not intended thereby to terminate, modify or affect the terms of said agreement or in any wise interfere with the rights of the parties under the same. While the plaintiff has omitted from her complaint all reference to alimony, yet she has not thereby prejudiced her right

to claim it.  (*Galusha* v. *Galusha*, 138 N. Y. 272, 281.)  It would seem that under the prayer for such other and further relief the court in its discretion may at this time award the same.

For the foregoing reasons the report of the referee is in all respects confirmed.  Order and interlocutory decree signed.