## BORST v BORST

Ohio Appeals, 2nd Dist, Franklin Co

No 2289. Decided April 11, 1933

Grover Brown, Columbus, and Paul M. Herbert, Columbus, for plaintiff in error.
Tussing & Lane, Columbus, for defendant in error.

**BARNES, J.**

To this order, judgment and finding defendant prosecutes error, setting up the following grounds:

(1) The court erred in overruling the motion for new trial.

(2) The court erred in overruling the motion of the plaintiff in error to dismiss said contempt proceedings.

(3) The court erred in overruling the motion of the plaintiff in error to modify the judgment of the court rendered at the former hearing and to make said judgment of the court comply with the proceedings and facts then before the court.

(4) The court erred in admitting evidence over the objection of plaintiff in error and to which he excepted at the time.

(5) That said judgment is contrary to law and against the weight of the evidence.

(6) For other errors on the face of the record prejudicial to the rights of the plaintiff in error.

For a better understanding of the questions raised we give a short recital of these additional facts:

In the fall of 1918 Florence Borst filed a petition against Max Borst in the Common Pleas Court of Franklin County, Ohio, No. 78462, praying for alimony and support for minor children.

Issue was joined by Max Borst filing answer to said petition on September 19, 1919.

The agreement of separation bearing date of October 22, 1919, was physically filed with the papers in said case, No. 78462, although no file marks of the Clerk of Court appear thereon. The question of presence or absence of file mark is not important.

On September 13, 1920, entry of dismissal of said cause No. 78462 was filed and is in the following language:

"Upon the call of the case and no good cause being shown why this case should be retained, it is ordered by the court that it be dismissed without record or prejudice at the costs of the plaintiff."

Max Borst paid the $500.00 note provided for in the agreement of separation on April 15, 1920, and the $1000.00 note on October 15, 1920. (See Defendant's Exhibits 4 and 2 in Record).

The $500.00 having been paid on the day previous to the entry of divorce can not be given credit as applying on the judgment and order for alimony upon which the present contempt proceeding is predicated.

Apparently no claim is made that the $1000.00 ordered to be paid by the court is in addition to the $1000.00 note provided for in agreement of separation.

It will be observed that the court order for alimony and support provides for the payment of $10.00 per week, and does not limit the time until the children arrive at

sixteen years of age as provided in the articles of separation.

The children now are past sixteen years of age.

Case No. 78462 did not pray for divorce but only alimony and support for plaintiff and minor children.

Cause No. 81817 did not specifically pray for alimony or support. The following is the language of the prayer:

"Wherefore the plaintiff asks that she may be divorced from the defendant and for such other and further relief as she may be entitled."

Counsel for plaintiff in error at page 4 of his brief states that he bases his grounds for reversal upon the following particulars, to-wit:

"(a) The court below did not have jurisdiction to enter an order for alimony in the instant action.

"(b) The defendant in error committed fraud upon the court in the instant cause at the time the decree was entered in that she did not divulge to the court in making its order as to alimony the existence of said agreement.

"(c) The defendant in error is estopped from attacking in this action the validity of the separation agreement."

We will take up these particulars in order, and the first question; the jurisdiction of the court to make an order for payment for alimony.

Apparently this is on the ground,

(1) That there was no specific prayer for alimony in the divorce action.

(2) That a prior action for alimony was pending and had not been dismissed at the time the order was made in this case.

(3) The contract of separation made full provision for alimony and support and thereby should preclude any order of court.

On the first question it is well established in this state that the court in a divorce action has a right to award alimony even though there is no prayer for such. Allowance of alimony or support for children is an incident to the divorce action and the court may allow or withhold according to the facts of the case. This was the holding of this Court of Appeals in the case of **Downing v Downing, 18 Oh Ap, 223, (1 Abs 582).** This same principle is announced in **14 O. Jur., pp. 491 and 495, §§95 and 100.**

The second contention is that the defendant in error, plaintiff below, committed fraud upon the court at the time the decree of April 16, 1920, was entered in that she did not divulge to the court in making its order as to alimony the existence of the articles of separation.

Relief can not be granted to the plaintiff in error on this ground for several reasons:

First, the evidence does not establish affirmatively that the plaintiff below did not make full disclosure to the court as to the existence of the articles of separation.

Second, the court below had jurisdiction to make the order regardless of the articles of separation.

Third, at this late date plaintiff in error can not complain by motion of any irregularities in obtaining judgment.

The record in this case discloses that the petition for divorce was regularly filed, summons issued and service made on the defendant, and thereafter the order of court journalized. The record of the proceedings very clearly shows that the court had jurisdiction of the parties and of the subject matter. These constitute all the requisites for having a valid judgment and under the law every presumption favors its validity. The right and privilege under the law was granted the defendant below to file answer and present to the court all the facts which he now relies upon in this contempt proceeding. By his failure to enter an appearance he is presumed to admit all the allegations of the petition and thereby confer upon the court all the powers incident to such an action.

After the judgment was entered he had the right at any time during the term to appear and present to the court any irregularities through which the court might have modified the order as made.

After the term the only method to set aside or modify the judgment is by petition as provided in §11635 GC. §11631 GC prescribes the grounds for vacation or modification.

Where motion for new trial is required a correlative provision will be found under §11580, GC.

Alimony or support in installments for spouse or children are designated as continuing orders and are subject to modification under changed conditions. In order to warrant a modification of the order the changed condition must be such as could not reasonably be anticipated at the time of the original judgment. A discussion of this question and the procedure will be found in **14 O. Jur., §117.** The record discloses that plaintiff in error at a previous hearing made application to have the judgment

modified and the entry discloses that 'the court refused to modify the order for the reason that the plaintiff in error was then in arrears in his payments. While it may not be said to be a settled question in this State as to whether or not such ground of refusal should obtain under any and all circumstances, yet in the instant case no error was prosecuted. Apparently after the refusal of the court to sustain the request for modification the plaintiff in error paid up all arrearages. Even if it should be determined that the same question could be raised anew, plaintiff in error has failed to follow the necessary procedure, and furthermore no evidence was introduced on the question of any changed condition.

The third ground urged by plaintiff in error is that the defendant in error is estopped from attacking in this action the validity of the separation agreement.

The complete answer to this objection is that by no stretch of imagination can it be construed as an attack on the separation agreement by the defendant in error.

Counsel for plaintiff in error seem to have a theory that the separation agreement is of higher order than the judgment of the court. The most that can be said for the separation agreement is that under proper proceedings it would be evidential and probably of great probative force, but the mere existence alone of the articles of separation can not set aside or modify the judgment. The case of **Sponseller v Sponseller, 110 Oh St, 395,** is not in point. The principle announced in that case, where the court has the power to approve an agreement made by the husband and wife upon the question of alimony, and further that such consent to the decree can not be collaterally attacked, is well recognized. It is not applicable to the instant case for the reason that the court did not make a separation agreement a part of its judgment. The mere fact that the agreement appears among the files of the case would not constitute it a court order. The final judgment in the case was an order of dismissal.

It is our conclusion that the trial court was in error in considering the motion at all so far as it sought to set aside or modify the judgment of the court upon which the contempt proceeding was predicated.

The plaintiff in error did not bring himself within any of the prescribed procedure so as to give the court jurisdiction to hear the question.

The only matter that was really before the court was the contempt proceeding.

On this question counsel for defendant in error urges that the payment of $500.00 on the 15th of April, 1920, should be applied, and if applied, plaintiff in error would not be in arrears. We have referred to this question before. And again we call attention that the $500.00 was paid before the entry of April 16, 1920. The question is also raised that the defendant in error failed to present evidence that she was supporting the children, or that they were living with her.

Every presumption favors the judgment when made and until shown to the contrary the conditions then existing are presumed to continue. There is nothing in the order that requires the children to live with the defendant in error. Unless questioned, the presumption is that she is continuing to provide for them.

Finding no error in the proceedings of the court below, the same will be affirmed and cause remanded for execution of its orders. Exceptions will be allowed to the plaintiff in error. Entry may be drawn in accordance with this opinion.

HORNBECK, PJ, and KUNKLE, J, concur.