It therefore follows that the finding and judgment of the court below will be reversed, and a finding and judgment entered for plaintiffs below, as prayed for in their petition.

*Judgment reversed.*

SHERICK, P. J., and MONTGOMERY, J., concur.

## BALL *v.* BALL.

(Decided October 18, 1933.)

*Mr. Joseph L. Hilton,* for plaintiff in error.
*Mr. William B. Quinn,* for defendant in error.

SHERICK, P. J. The defendant in error, Mark E. Ball, commenced this action in the Court of Common Pleas. His petition therein filed alleges a ground for divorce. He prays for a legal separation, and also for the custody of their two minor children. The petition further recites that he had acquired a building lot by gift from his father, upon which the parties had built their home; that the title to it he had transferred to

his wife; and that the home is mortgaged for $1,900. He further prays that he may be granted a reasonable portion of this real estate.

The wife answers and denies the cause of action alleged against her, and asks that the petition be dismissed. She therein pleads that the home was built with money borrowed from her relative, and that her husband had conveyed the property to her in consideration of an earlier reconciliation and condonation of past offenses which she had previously charged against him. She makes further issue by a cross-petition which seeks alimony and the custody and support of the children. The answer and reply filed to these pleadings are general denials.

The trial, had upon the issues made by the pleadings, resulted in a decree of divorce being entered in favor of the husband, upon the wife's aggression, and the husband was awarded the custody of the children. The trial court further required the wife to convey the property to the husband, and the portion of the decree pertaining to the home, or division of the real estate, reads as follows: "The Court finds that plaintiff and defendant were the owners of a house and lot in the village of Louisville, Ohio, title to which is in the name of the defendant. Said property is hereby awarded to the plaintiff and defendant is ordered to convey her right, title and interest therein to the plaintiff paying her the sum of Five Hundred ($500.00) Dollars, in cash."

A motion for a new trial was made in due season and was overruled. The major portion of the entry then made deals with the court's further action in respect to the conveyance ordered. It reads: "This cause came on for hearing on plaintiff's report that defendant refused to sign and deliver warranty deed for conveyance of her right, title and interest in Lot No. 131 in the Village of Louisville, Stark County, Ohio, upon tender of $500.00 in cash to her by the

plaintiff as provided for in the decree in the above action. The Court, being duly advised in the premises and finding that plaintiff had tendered the $500.00 as aforesaid and that the defendant had refused to convey said property, hereby orders that the said decree and this further order of the Court shall operate as a conveyance to the plaintiff, Mark E. Ball, of all right, title and interest including dower rights of Estella M. Ball, otherwise known as Stella M. Ball, in the premises situated in the Village of Louisville, County of Stark and State of Ohio, known as Lot (131).''

A description of the premises follows, and the entry continues: ''The defendant is ordered to turn over to the plaintiff the keys to the house on said premises and is permanently enjoined from interfering with the use and possession of said premises by the plaintiff or any person occupying said premises under him.''

No bill of exceptions is filed in this court. We must, therefore, confine our consideration of the errors claimed to such as are made to appear by the transcript, and more particularly the five papers previously enumerated. In fact, the only debatable claim with which we should be concerned goes to the right of the court to order the wife to convey the home property standing in her name to the husband in consideration of his payment to her of $500. The cause, with respect to the divorce granted and custody of children, must be left in repose.

The plaintiff in error asserts that the petition does not pray for alimony, and that if the conveyance ordered is denominated as alimony the court had no right to make such an award; and if the conveyance order was not made as alimony, it was unlawfully done because of the express provisions of Section 11993, General Code, and the case of *DeWitt* v. *DeWitt*, 67 Ohio St., 340, 66 N. E., 136, which is offered as authority for the position sought to be maintained.

The third proposition of the syllabus appearing in

the case of *Julier* v. *Julier*, 62 Ohio St., 90, 56 N. E., 661, 78 Am. St. Rep., 697, to our mind disposes adversely of the first claim. It is therein held: "In an action for divorce, properly instituted, where the petition contains a prayer for general relief, the court has jurisdiction to adjust and settle the rights of the parties with respect to the nature and amount of the alimony that shall be awarded, and the terms and conditions of its payment  *  *  *."

The petition in this case not only prays that the plaintiff be granted a reasonable portion of the real estate, which is in fact a request that their equity therein be divided, but it also prays for "such other and further relief as is proper."

And now considering the second claim, that is, that the conveyance order contravenes the statute. We confess that the question is a puzzling one, if it were not for one fact. Counsel for both sides argue and brief their case as if Section 11993, General Code, had never been amended. They fail to note that this section has been recently re-enacted. The amendment is to be found in 114 Ohio Laws, 478. Its effective date is January 1, 1932. The section now provides: "When the divorce is granted by reason of the aggression of the wife, * * * the court may adjudge to her such share of the husband's real or personal property, or both as it deems just; or the husband shall be allowed such alimony out of the real and personal property of the wife as the court deems reasonable, having due regard to the property which came to the wife by marriage, and the value of her real and personal estate at the time of the divorce. Such alimony may be allowed to him in real or personal property, or both, or by decreeing to him such sums of money payable either in gross or by instalments, as the court deems equitable."

There is stricken from the statute as it now stands all reference to dower, and the troublesome clause relating to restoring to the wife all her lands at time of

divorce. We find nothing in the new section that seems vague or unclear. It provides that when a husband is granted a divorce by reason of the wife's aggression he may be allowed alimony out of the wife's real estate if the court deems such reasonable and has due regard to such property as came to the wife by marriage and to the value of her estate at time of divorce. It further provides that he may be decreed such alimony as the court deems equitable.

If a court is allowed to grant a husband alimony in such a case, he should have the power within him to enforce the order of the court, and we know of no better way to do so than the means here used; that is, by a decree which shall act as a conveyance of the property. Section 11590, General Code, contemplates and authorizes such an order.

In the absence of a bill of exceptions we are unable to say that the court's action in making such an allowance was unreasonable, either in that it did not have regard for such property as came to the wife by marriage, or for the value of her estate at time of divorce. The court found that the property standing in the wife's name was their joint property. It was further found that the husband was entitled to the property; for what reason, other than that he was awarded the custody of the children, we are unable to state. And the court doubtless deemed it reasonable that if such an award was made it was but just and reasonable that the husband pay the wife $500 out of his personal estate.

Sections 11990 and 11991, General Code, have both been amended. Section 11992, General Code, has not been changed. It is said in the *DeWitt case, supra,* that Section 11992 is amendatory of Section 5699, Revised Statutes, which subsequently became old Sections 11990 and 11991, General Code. It is said in that case, at page 353, that "the purpose of the amendment [to Section 5699, Revised Statutes] probably is

to place the erring husband in a position respecting property akin to that given an erring wife by the succeeding section [that is Section 5700, Revised Statutes, thereafter known as Section 11993, General Code], but the language is less general and noticeably more guarded." An examination of Section 11992, General Code, along with Section 11993, as it now stands, shows no similarity, but it will be found that present Sections 11990 and 11991, General Code, are very like present Section 11993. The Legislature in its wisdom provided that an erring husband should have certain rights, like unto those possessed by an erring wife, but subject to the limitation that it must be affirmatively found that the husband has but little or no property and that the wife is the owner of an estate. In the case now before this court the husband was granted the divorce upon the wife's aggression. The husband was not the erring one, hence the *DeWitt case* is not authority for the claim made.

The plaintiff in error further claims that the trial court erred in barring the wife of dower in the property ordered conveyed. The words in the supplemental decree are mere surplusage, and the error claimed is without foundation. It is enacted in 114 Ohio Laws, 320 (337), Section 10502-1, General Code, that: "All dower interest shall terminate and be barred upon the granting of an absolute divorce in favor of or against such spouse by a court of competent jurisdiction within or without this state."

By this section a divorce extinguishes all dower rights. The barring of dower entered in the decree adds no strength or solemnity to the statute. It needs no such aid.

Finding no error apparent from the transcript, the judgment must be, and is, affirmed.

*Judgment affirmed.*

Lemert and Montgomery, JJ., concur.