Argued March 26; affirmed April 7, 1936

## BACKSTROM *v.* BACKSTROM
(56 P. (2d) 114)

*Harold V. Newlin,* of Portland, for appellant.

*L. A. Recken,* of Portland (Senn & Recken, of Portland, on the brief), for respondent.

KELLY, J. On October 20, 1934, an order of default was entered against defendant, and on October

22, 1934, a decree of divorce was granted plaintiff, in which decree it was ordered that defendant pay to plaintiff as support money and alimony the sum of twenty-five dollars ($25) per month and the further sum of one hundred dollars ($100) attorneys' fees.

On September 20, 1935, defendant interposed a motion for an order setting aside said decree on the grounds of mistake, inadvertence, surprise and excusable neglect.

■ Defendant claims that, before the suit for divorce was filed, there was a settlement of property rights and an agreement that no allowance for alimony would be sought or procured by plaintiff.

Defendant further says that as a result of said settlement, in addition to a division of the other personal property, he agreed, in the event of a divorce, to give his wife an undivided one-half interest in his houseboat at an agreed value of $400, and that he would purchase her interest therein for $200 paying therefor at the rate of $25 per month.

The plaintiff says that she earned a large part of the money which paid for said houseboat; that for two years defendant was out of employment and their subsistence then was made possible through plaintiff's efforts; that the houseboat at that time was worth at least $950; that nothing was ever said about the sum of $25 being for eight months; and that plaintiff never at any time represented to defendant that she would be satisfied with the sum of $200.

The firm of Lomax & Lomax, attorneys of Portland, appear upon the complaint and summons as the attorneys for plaintiff in the suit for divorce. It is claimed by defendant that the junior member of the firm only

was plaintiff's attorney in that proceeding. Be that as it may, a member of that firm made an affidavit to the effect that defendant expressly agreed to pay plaintiff $25 per month as long as she would need it. Plaintiff herself corroborates the statement of her attorney by saying that defendant was perfectly willing to make such payments indefinitely. Defendant is without corroboration in his statement as to the terms of the settlement. The burden is upon defendant to establish his grounds for the motion in suit. We think that he has failed to do so.

■ While in the body of the complaint for divorce it is alleged "That the sum of twenty-five ($25) dollars is a reasonable sum to be allowed as support money and alimony," etc., yet, in the prayer of the complaint, there is a demand that defendant pay the sum of $25 per month support and alimony to the plaintiff. The relief prayed for in the complaint, including the prayer for monthly alimony, is set forth in the summons. Personal service of summons was made upon defendant.

In some of the cases in other jurisdictions it is held that there must be an allegation of faculties upon which to base an award of alimony: *Lovett v. Lovett,* 11 Ala. 763, 771; *Lawrence v. Lawrence,* 141 Ala. 356, 360 (37 So. 379); *Wright v. Wright,* 3 Tex. 168, 179; *Kendall v. Kendall,* 1 Barb. Ch. Rep. (N. Y.) 610, 612; but it is quite generally held that alimony may be awarded where there is a general prayer for relief. *Doyle v. Doyle,* 268 Ill. 96 (108 N. E. 796); *Ball v. Ball,* 47 Ohio App. 547 (192 N. E. 364); *Julier v. Julier,* 62 Ohio St. 90 (56 N. E. 661, 78 Am. St. Rep. 697); *Lehmann v. Lehmann,* 244 N. Y. S. 265 (137 Misc. Rep. 8); *Javine v. Javine,* 134 Okla. 283 (273 P. 267); *Miller v. Miller,* 210 Ill. App. 67; *Haven v. Trammell,* 79 Okl. 309 (193 P.

631); *Parker v. Parker,* 211 Mass. 139 (97 N. E. 988); *Sprague v. Sprague,* 73 Minn. 474 (76 N. W. 268, 42 L. R. A. 419, 72 Am. St. Rep. 636); *Ecker v. Ecker,* 130 Minn. 472 (153 N. W. 864); *Mesler v. Jackson Circuit Judge,* 188 Mich. 195 (154 N. W. 63); *Gaston v. Gaston,* 114 Cal. 542 (46 P. 609, 55 Am. St. 86 Rep.); *Tilton v. Tilton,* 16 Ky. Law Rep. 538 (29 S. W. 290).

■ We think the better practice is for the complaint to set forth the necessary facts upon which alimony may be allowed: *Ryan v. Ryan,* 33 Mont. 406 (84 P. 494).

In the case at bar, the omission of the words, per month, which, if inserted in the body of the complaint, would make the above quoted sentence read,—that the sum of twenty-five dollars ($25) per month is a reasonable sum to be allowed as support money and alimony, etc., could well be understood as an unintentional oversight when the prayer of the complaint and the relief expressed in the summons are considered.

We will not discuss the question of which attorney for plaintiff made the affidavit in contradiction of defendant's statement. We deem it immaterial. Suffice it to say, that both parties and the attorneys stand fair before us. We find that the defendant is not corroborated by any one and that he is contradicted by plaintiff and a member of the firm of attorneys, the junior member of which firm defendant suggested to plaintiff as the attorney to represent her; while plaintiff is corroborated as above stated.

The learned trial judge found that defendant's showing was insufficient upon which to grant the relief sought. The record before us fails to convince us that error was thereby committed. The order overruling defendant's motion to set aside the decree is affirmed.

CAMPBELL, C. J., RAND and ROSSMAN, JJ., concur.