Argued December 15, 1937; reversed January 4, 1938

# COX *v.* COX

(74 P. (2d) 983)

Department 1.

*Frank Deich,* of Portland (Leonard D. Alley, of Portland, on the brief), for appellant.

*Arthur A. Tarlow,* of Portland, for respondent.

BELT, J. This is an appeal from an order vacating that part of a divorce decree entered February 26, 1935, awarding alimony of $25 a month in favor of the plaintiff. Personal service of the complaint and summons was duly made upon the defendant but he defaulted. There were no allegations in the complaint

in reference to alimony nor did the prayer thereof specifically ask for the same, unless such relief be included within the general prayer for "such other and further relief as shall appear meet and proper in the premises." Defendant made no payments of alimony and, on April 8, 1937, plaintiff had execution issue and garnisheed certain money due defendant.

Thereupon defendant, on May 3, 1937, filed a motion to set aside that part of the decree awarding alimony, on the grounds:

"1. The court did not have jurisdiction to award said sum to the plaintiff because the allowance thereof was not presented of record in said Court and cause, and the defendant had no notice or knowledge thereof.

"2. The said part of said decree was taken against the defendant through his mistake, inadvertence, surprise, or excusable neglect."

On the 19th day of May, 1937, the lower court allowed the motion to vacate the decree and released the money held under garnishment proceedings for the reason that, in its opinion, it had no jurisdiction to enter a decree awarding alimony.

■ The court had authority under the statute (§ 6-914, Oregon Code 1930), upon entering a decree of divorce, to further decree to the party not in fault such an amount of money "as may be just and proper * * * for the maintenance of the other."

Clearly the court had jurisdiction of the persons and the subject matter. The award of alimony was only incidental to the divorce. The jurisdiction of the court was not dependent upon any allegations in reference to the payment of alimony: 1 R. C. L. 884; 19 C. J. 286; *Maloney v. Maloney*, 12 N. J. Misc. 397 (174 Atl. 28); *Stanton v. Stanton*, 113 Cal. App. 462 (298 P. 524); *Cohen v. Cohen*, 150 Cal. 99 (88 P. 267, 11 Ann.

Cas. 520). The court had jurisdiction to make the award in question notwithstanding there were no allegations concerning alimony in the complaint nor any specific request therefor in the prayer thereof.

■ Defendant cannot, as a matter of law, assert that the decree entered against him was the result of inadvertence and surprise. He was personally served and was bound to know that, under the statute, the court could award alimony to the party not in fault.

*Backstrom v. Backstrom,* 153 Or. 255 (56 P. (2d) 114), cited by both parties, is not in point. In that case there was a property settlement prior to divorce and it was contended by defendant that it was agreed no alimony would be sought or procured by the plaintiff. In the body of the complaint it was alleged "That the sum of $25.00 is a reasonable sum to be allowed as support money and alimony." In the prayer of the complaint there was a specific demand for payment of alimony. This court found that defendant had not sustained his contention as to alimony and upheld the lower court in denying the motion to set aside the decree.

In the course of the opinion, authorities from other jurisdictions were cited relative to the necessity of allegations as a basis for award of alimony, stating that it was "quite generally held that alimony may be awarded where there is a general prayer for relief," citing numerous authorities. The court, however, said that "the better practice is for the complaint to set forth the necessary facts upon which alimony may be allowed," citing *Ryan v. Ryan,* 33 Mont. 406, 84 P. 494. In the Ryan case the court said:

"* * * while we are not prepared to say that alimony may not be allowed as strictly ancillary to a proceeding for divorce, we think the better practice is for the complaint to set forth the necessary facts upon which alimony may be allowed."

The Backstrom case properly pointed to the better practice, but it does not hold that the trial court was without jurisdiction to award alimony where no allegations in reference thereto were made in the complaint.

The order of the lower court vacating part of the decree in reference to alimony is reversed and the cause remanded with instructions to reinstate the same. Plaintiff is entitled to costs and disbursements.

BEAN, C. J., and ROSSMAN and KELLY, JJ., concur.