**KREIGBAUM, Appellant, v. KREIGBAUM, Appellee.**

Ohio Appeals, Second District, Miami County.

No. 427.   Decided November 25, 1944.

NICHOLS, J. of the Seventh District sitting in place of BARNES, P. J.

Faust, Faust & Faust, Troy, for appellant.
W. A. Haines, Troy, W. Leo Bausman, Troy, and Michael E. Norris, Troy, for appellee.

**OPINION**

By NICHOLS, J.
This cause is in this court on appeal upon questions of law by Ethel Kreigbaum, plaintiff, from a judgment of the

Common Pleas Court of Miami County in her action against Chester L. Kreigbaum, defendant, wherein she prayed that she might be divorced from defendant and that the court order the title to a certain Chevrolet automobile transferred to her, and that she be awarded such reasonable alimony for her sustenance and expense from the wages of defendant as the court may find reasonable and proper and such other and further relief to which she may be entitled.

Plaintiff's action was founded upon her allegation of gross neglect of duty and extreme cruelty.

Defendant answered, denying the accusations made against him by plaintiff and denying that plaintiff was the owner of the Chevrolet automobile referred to in her petition.

By way of cross-petition, defendant sought to be divorced from plaintiff on grounds set forth therein, and alleged that upon the death of his father in 1924 he became the owner, by inheritance, of three described tracts of real estate, and that in June, 1938, he executed deeds to his wife for such real estate, "said deeds being executed in preference to a will for the protection of the plaintiff, his wife, in the event of accident or sudden death of defendant," and in substance alleged that such deeds were to be delivered only in the event of his death and were to remain in his possession and were never delivered to the wife but were placed in an iron safe belonging to him, where they remained until perloined a short time before the filing of plaintiff's divorce action and filed with the recorder for record. Defendant claimed that by reason of the facts alleged in his cross-petition no title to this real estate, either legal or equitable, ever vested in plaintiff.

Other allegations are made in defendant's cross-petition with reference to moneys, bank deposits and other personal property which he claimed belonged to him but which by one pretext or another the wife had obtained the possession.

Defendant prayed that he be restored to all things lost by him by reason of plaintiff's removal and record, without his consent or knowledge, of the deeds purporting to convey the real estate described in his cross-petition; that plaintiff be required to account for the money and personal property of which she had taken possession; that he might be divorced from plaintiff, and for a restraining order preventing her from molesting him in the possession of his living quarters and from disposing of certain items of personal property.

The trial court, after hearing the testimony and consider-

ing the numerous exhibits admitted on behalf of the parties, resulting in a record of more than 400 pages of evidence, granted a divorce to plaintiff on the ground of gross neglect of duty and extreme cruelty and denied defendant's cross-petition for divorce, appraised the value of all the property referred to and involved between the parties, and made a division of the same between them.

The trial court found that it had no jurisdiction to set aside the deeds which defendant had executed to plaintiff, but in making a division of the property between them all of the assets which they either severally or jointly owned were taken into consideration.

Upon motion of defendant, the court made its separate finding of facts and conclusions of law. Neither party is here complaining that the court erred in granting the divorce to plaintiff upon her petition nor can this court be concerned with the action of the court in that respect.

Plaintiff's complaint upon this appeal is that the trial court erred in making any division of property between the parties, it being contended by her that in the state of the pleadings the court was without jurisdiction to make such division. We find no merit in such claim, the jurisdiction and authority of the court in that behalf being fully warranted by the provisions of the General Code and recognized in the adjudicated cases.

We think it not material whether the Common Pleas Court under the pleadings had the jurisdiction to set aside the deeds executed by defendant to plaintiff. It was the province of that court to take into consideration not only the value of the properties owned by the parties but likewise the source from which the same came, as well as the physical condition and financial circumstances of the parties, and generally all of the facts surrounding the parties at the time the divorce was granted.

We are unable to say that the division made by the court is inequitable or unjust or contrary to the evidence. Indeed, to the writer of this opinion it appears from the record that the court exercised a sound discretion and justly dealt with the parties in the division of property made between them.

The judgment of the Common Pleas Court is, therefore, affirmed.

HORNBECK and GEIGER, JJ., concur.