RAINSBURG, APPELLANT, *v*. RAINSBURG, APPELLEE.

(No. 984—Decided July 13, 1946.)

*Mr. Roy W. Roof,* for appellant.
*Mr. Paul T. Mahon* and *Messrs. Guthery, Harmon & Conkle,* for appellee.

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Marion county, in an action therein by change of venue from the Court of Common Pleas of Hardin county, wherein the appellant, Edith Rainsburg, was plaintiff and the appellee, David Rainsburg, was defendant.

The parties are residents of Hardin county, and the action was filed in the Court of Common Pleas of Hardin county, and later, on change of venue, was transferred to the court of Common Pleas of Marion county.

In her petition the plaintiff prayed for divorce from the defendant, for certain equitable relief, and for costs of the action.

Defendant filed his answer and cross-petition in the Court of Common Pleas of Hardin county. In his answer he pleaded facts amounting to a general denial; and in his cross-petition, after pleading facts con-

stituting a cause of action on his behalf for divorce from the plaintiff, he pleaded, among other things, the following:

"Defendant further says that some years ago, he executed and delivered to the plaintiff a quitclaim deed for 22 acres of land, more or less, in Lynn township, Hardin county, Ohio. That although plaintiff now holds the legal title thereto by reason of such conveyance, nevertheless said transfer was without consideration and the defendant is in truth and in fact the owner of said real estate.

"Wherefore, defendant prays that plaintiff's petition may be dismissed and that said deed for said real estate may be set aside and that the plaintiff be barred and divested of any right, title or interest therein. That he may be divorced from plaintiff and for all other necessary equitable relief."

To the cross-petition, plaintiff answered by way of general denial, except she admitted that some years ago the defendant had, in fact, deeded to her by quitclaim deed the 22 acres of land located in Lynn township, Hardin county, Ohio, and she pleaded that she held the legal title to that land by reason of such conveyance and that she was in fact the owner of the land.

She prayed in her answer that the cross-petition of the defendant be dismissed and that she go hence without day, and again prayed as in her petition.

The case was tried on the issues raised by those pleadings, before the Court of Common Pleas of Marion county.

That court found, on the evidence adduced and the issues joined, in favor of the defendant upon his cross-petition for divorce, and dismissed the petition of the plaintiff. The court further found the jurisdictional facts necessary to the granting of a divorce to de-

fendant, and further found, upon the evidence adduced, that the plaintiff had been guilty of gross neglect of duty toward defendant and that by reason thereof defendant was entitled to a divorce as prayed for in his cross-petition. The court then adjudged and decreed that the marriage contract theretofore existing between Edith Rainsburg and David Rainsburg be dissolved and held for naught and that both parties be released from the obligations of the same.

Following those findings and adjudications, the court made further findings and adjudications as follows:

"And the court, coming now to an adjudication of all the property rights of said parties, finds and decrees that the defendant shall pay the plaintiff the sum of thirteen hundred dollars within ten days from the date of this entry; and that contemporaneously with said payment, the plaintiff shall execute and deliver to the defendant a deed of general warranty, free and clear of all incumbrances, including taxes, for the twenty-two acres of land in Lynn township, Hardin county, Ohio, referred to in plaintiff's petition."

The entry of judgment then sets forth a particular description of the real estate mentioned. Following that description, the following orders and adjudications were made, to wit:

"It is further ordered that upon the failure or default of the plaintiff to execute and deliver said deed, this decree operate as a conveyance of the above described lands.

"It is further ordered and decreed that the defendant pay the balance of one hundred dollars due on a certain note executed by the plaintiff to The Kenton National Bank of Kenton on August 7, 1945, together with the interest thereon.

"It is further ordered and adjudged that the plain-

tiff have and retain as her own property all the furniture and household goods formerly in the residence occupied by the parties.

"It is further ordered, adjudged and decreed that the plaintiff herein transfer and deliver to the defendant within ten days from the date of this entry, the following described property:

"One Dodge 1935 coupe. One General tractor, together with two-row cultivator. Three plows. One mowing machine. One disc harrow together with the various appliances and equipment used in connection with the same, and also, a chest of carpenter's and mechanic's tools, all of which personal property is now in the possession of the plaintiff in this case.

"It is further ordered and decreed that the plaintiff herein pay a certain doctor bill, in the amount of fifty dollars, to Dr. H. E. Gibson, of Kenton, Ohio, for professional services rendered to her.

"It is further ordered that the plaintiff pay all the court costs incurred by her in this cause."

Plaintiff assigns error in only one particular and this is: "That the court erred in requiring her to deed her individually owned real property to the defendant-appellee and also erred in requiring her to give possession to defendant-appellee all of the personal property of the parties and also of her individually owned personal property and wherein defendant-appellee did not pray or seek a judgment of the Court of Common Pleas for either alimony or support money."

While the plaintiff contends that the defendant did not, in his cross-petition, pray or seek a judgment of the Court of Common Pleas for either alimony or support money, it will be noted from an inspection of the quoted portions of defendant's answer and cross-petition appearing above, that the prayer of defend-

ant's cross-petition contains a prayer for general relief.

In the third paragraph of the syllabus in the case of *Julier* v. *Julier,* 62 Ohio St., 90, 56 N. E., 661, 78 Am. St. Rep., 697, it is held:

"In an action for divorce, properly instituted, where the petition contains a prayer for general relief, the court has jurisdiction to adjust and settle the rights of the parties with respect to the nature and amount of the alimony that shall be awarded, and the terms and conditions of its payment * * *."

Following that decision, we hold that, as the defendant incorporated a prayer for general relief in his cross-petition, the Court of Common Pleas, on granting a divorce for the defendant's wife's aggression, had jurisdiction to adjust and settle the right of the defendant husband with respect to the nature and amount of the alimony that should be awarded to him, and the terms and conditions of its payment.

As the divorce was granted by reason of the aggression of the wife, the power of the Court of Common Pleas to adjudge her a share of the husband's real or personal property, or both, and the allowance of alimony to the husband, is governed by the provisions of Section 11993, General Code, which reads as follows:

"When the divorce is granted by reason of the aggression of the wife, the court may adjudge to her such share of the husband's real or personal property, or both as it deems just; or the husband shall be allowed such alimony out of the real and personal property of the wife as the court deems reasonable, having due regard to the property which came to the wife by marriage, and the value of her real and personal estate at the time of the divorce. Such alimony may be allowed to him in real or personal property, or both, or by decreeing to him such sums

of money payable either in gross or by instalments, as the court deems equitable.''

It will be noted that under the provisions of that section, when the divorce is granted by reason of the aggression of the wife as was done in the instant case, the court may adjudge to her such share of the husband's real or personal property, or both, as it deems just, and may allow the husband such alimony out of the real and personal property of the wife as the court deems reasonable, having due regard to the property which came to the wife by marriage and the value of her real and personal estate at the time of the divorce, and that such alimony may be allowed to the husband in real or personal property, or both, or by decreeing to him such sums of money payable either in gross or by instalments, as the court deems equitable.

The Common Pleas Court, therefore, had jurisdiction to adjudge to the plaintiff wife as her share of her defendant husband's real and personal property, the property which it adjudged to her under the terms of the judgment hereinbefore quoted; and it also had jurisdiction to allow to the defendant husband, as alimony, the real and personal property which it adjudged to him; and, as a method of carrying its judgment and decree into effect, had the right to provide that upon failure or default of the plaintiff to execute and deliver to the defendant a deed for the real estate adjudged to him as alimony, its decree should operate as a conveyance of the real estate.

As will be noted from an inspection of the judgment entry, the court, immediately preceding its judgments and decrees allocating property to the parties severally, uses the expression: ''And the court, coming now to an adjudication of all the property rights of said parties, finds and decrees.''

While the court, in its judgment entry, does not designate the property allocated to the wife as her share of the husband's real and personal property, and does not designate the property allocated to the husband as alimony allowed him out of the real and personal property of the wife, it must be presumed, the contrary not appearing in the entry of judgment, that the court acted in conformity with the provisions of Section 11993, General Code, and within the scope of its jurisdiction in the allocation of such property to the parties severally, and that the property adjudged by it to the wife is such share of the husband's real and personal property as the court deemed just, and the property adjudged to the husband was allowed him as alimony out of the real and personal property of the wife, as the court deemed reasonable, having due regard to the property which came to the wife by marriage and the value of her real and personal estate at the time of the divorce.

The identical question raised by the assignment of error in this case was considered and decided in the same manner this court has decided it, in the case of *Ball* v. *Ball,* 47 Ohio App., 547, 192 N. E., 364. See, also, *Kreigbaum* v. *Kreigbaum,* 45 Ohio Law Abs., 548, 68 N. E. (2d), 121.

As the allocation of property to the parties severally was made in conformity with the provisions of Section 11993, General Code, the assignment of error above mentioned is without merit.

The judgment of the Common Pleas Court will, therefore, be affirmed at the costs of plaintiff, and the cause remanded to the Court of Common Pleas for execution.

*Judgment affirmed.*

MIDDLETON, P. J., and JACKSON, J., concur.