McLAUGHLIN, APPELLANT, *v.*
McLAUGHLIN, APPELLEE.

(No. 13-84-37 — Decided March 7, 1986.)

*Michael P. Kelbley,* for appellant.
*Gordon A. Blackman,* for appellee.

GUERNSEY, P.J. This is an appeal by the plaintiff, Mahlon E. McLaughlin,

from a judgment of the Court of Common Pleas of Seneca County in a divorce action, wherein that court granted a divorce to the plaintiff and made an alimony award dividing property of the parties between the plaintiff and the defendant, Anna H. McLaughlin. The plaintiff's complaint demanded "that he be granted a divorce from defendant * * *, and for such other relief as shall be proper and necessary." Defendant's answer merely admitted certain allegations of the complaint and denied all others, without including any prayer for alimony.

Plaintiff assigns error of the trial court (1) in awarding alimony to the defendant when her answer contained no prayer for same, and (2) in its "determination" of the property division in that such determination was against the manifest weight of the evidence.

In *Julier* v. *Julier* (1900), 62 Ohio St. 90, 56 N.E. 661, at paragraph three of the syllabus, the Supreme Court held that "[i]n an action for divorce, properly instituted, where the petition contains a prayer for general relief, the court has jurisdiction to adjust and settle the rights of the parties with respect to the nature and amount of the alimony that shall be awarded."

In *Borst* v. *Borst* (App. 1933), 14 Ohio Law Abs. 525, 528, it was held, among other things, "it is well established in this state that the court in a divorce action has a right to award alimony even though there is no prayer for such," and that "[a]llowance of alimony or support for children is an incident to the divorce action and the court may allow or withhold according to the facts of the case." See, also, *Rainsburg* v. *Rainsburg* (1946), 80 Ohio App. 303, 36 O.O. 13, 75 N.E. 2d 481, as to the jurisdiction of a trial court to make an award of alimony under the form of the statute then existing.

R.C. 3105.18, the statute presently governing the award of alimony, in-

cludes no condition precedent as to the prayer of either party for alimony, and prescribes, in pertinent part:

"(A) In a divorce, dissolution of marriage, or alimony proceedings, the court of common pleas may allow alimony as it deems reasonable to either party.

"The alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable."

Although Civ. R. 8(A) prescribes that a pleading which sets forth a claim for relief shall contain a demand for judgment for the relief *to which the pleader deems himself entitled,* Civ. R. 54(C) prescribes that "[e]xcept as to a party against whom a judgment is entered by default, every final judgment shall grant the relief *to which the party in whose favor it is rendered is entitled*" (emphasis added), except that "a demand for judgment which seeks a judgment for money shall limit the claimant to the sum claimed in the demand."

Here, there was no demand for judgment which seeks a judgment for money, alimony, in the sense to which this assignment of error pertains, not being a judgment for money in the sense contemplated by Civ. R. 54(C), but constituting, instead, a judgment for the division of real or personal property, or both. Further, in the cause now on appeal no default was involved. The trial court having jurisdiction over the divorce proceedings, and an award of divorce to either party being made, the court was then entitled to allow alimony in the form of a division of real or personal property, or both, as it deemed reasonable to either party. We find no error of the trial court in awarding property to the defendant notwithstanding that she had made no specific prayer for same, as long as she was otherwise, in the terms of Civ. R. 54(C), *entitled* to a

division of such property. We find the first assignment of error without merit.

We have carefully read the entire record as to the evidence of the assets of the parties and considered the division of property. The residential property given to defendant, with a $15,000 setoff to plaintiff, and an airplane given to plaintiff with a $7,000 setoff to defendant, were originally purchased from assets of the defendant and an undetermined amount was contributed by both parties thereafter to improvements and upkeep of each. The defendant wife was seventy-two years of age and the plaintiff husband was fifty-nine years of age. No award of cash was made to the defendant nor was the husband ordered to pay installment alimony for her support. In these circumstances the appellant husband has failed to affirmatively show any error of the trial court in the division of property. We find the second assignment of error wholly without merit.

The judgment must be affirmed.

*Judgment affirmed.*

COLE and MILLER, JJ., concur.