CARR, APPELLANT, *v.* CARR, APPELLEE.

(No. 2429—Decided March 29, 1989.)

*Thomas A. Ciccolini,* for appellant.
*David Culbertson,* for appellee.

REECE, J. Plaintiff-appellant, Gary A. Carr, and defendant-appellee, Lisa D. Carr, were married on October 19, 1979. Two children were born as issue of the marriage, Jeffrey on February 11, 1981, and Jason on December 7, 1983. Gary filed for divorce on the ground that the parties had lived separate and apart for more than one year. Gary requested a divorce, visitation, equitable distribution of the assets, and "* * * for such other and further relief as is proper." Lisa filed an answer demanding that the complaint be dismissed, but failed to include any prayer for alimony.

The matter was heard before a referee who, upon hearing all the testimony, filed a report and recommendation. Gary filed objections to the referee's report. The trial court overruled Gary's objections and granted the divorce. The court, among other things, awarded alimony to Lisa. Gary appeals from this decision.

Assignment of Error I

"The lower court erred to the detriment and prejudice of the appellant by adopting in full the recommendation of the referee dated July 26, 1988 [actually July 22, 1988], and specifically by sustaining an arbitrary award of property and alimony to the appellee and it is from the specific awarding of property and alimony that the plaintiff [appellant] does hereby appeal."

Gary contends that R.C. 3105.17 requires the filing of a complaint or counterclaim as a prerequisite to the trial court's granting alimony. However, R.C. 3105.18 is the statute governing the award of alimony, and it provides in pertinent part:

"(A) In divorce, dissolution of

marriage, or alimony proceedings, the court of common pleas may allow alimony it considers reasonable to either party.

"The alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court considers equitable."

A demand for alimony is not a prerequisite for the granting of alimony pursuant to R.C. 3105.18. *McLaughlin* v. *McLaughlin* (1986), 30 Ohio App. 3d 242, 243, 30 OBR 401, 402, 507 N.E. 2d 423, 424-425. An appellate court will not disturb an alimony award granted to a person who did not request alimony, as long as the recipient is entitled to the award. *Id.*

In this case, although there was no specific demand for alimony, the divorce action contained a prayer for general relief — "for such other and further relief as is proper." Accordingly, the trial court was invested with discretion to make an allowance for alimony according to the facts of the case.

The referee's report indicates that Lisa was earning $4,500 per year while Gary was earning $43,500 per year. (The judgment of the trial court mistakenly stated that Lisa was earning $44,500 per year. The record supports the referee's finding that Lisa earned $4,500 per year.)

The referee's report recommended the following:

"*Alimony.* Commencing upon the sale of the marital residence, and particularly with the division of the sale proceeds, the plaintiff shall pay to the defendant as and for sustenance alimony the sum of $200 per week plus poundage payable through the Bureau of Support by wage withholding. Said sustenance alimony is intended to continue for Seventy-eight (78) weeks and shall then terminate. Both parties shall notify the Bureau of Support upon the division of the sale proceeds so that the Bureau of Support can adjust its records accordingly and issue a modified wage withholding to include the amount of alimony."

The trial court, considering the factors of R.C. 3105.18, found that the alimony was proper. This court finds that Gary has failed to show any error in the trial court. Accordingly, Gary's assignment of error is without merit and the judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, P.J., and BAIRD, J., concur.